[No. 21110.    Department Two.—August 16, 1894.]

# THE PEOPLE, RESPONDENT, *v.* MATTHEW CURRY, APPELLANT.

CRIMINAL LAW—EVIDENCE OF DEFENDANT—INSTRUCTION.—It is proper where the defendant testifies in a criminal case for the court to instruct the jury that the defendant in a criminal case, testifying in his own behalf, occupies a relation to the case different from that occupied by any other witness, where the portion of the instruction following declares expressly wherein the defendant occupied a different relation to the case from other witnesses, and to what extent that relation might be considered in weighing defendant's evidence.

ID.—PRACTICE—LIMIT OF RULE.—It is the better practice to refrain from instructing jurors as to the relation of the defendant to the case, and the rule heretofore declared will be strictly adhered to, and new trials will be the result if its limits are overstepped to any extent.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. A. King*, and *C. C. McComas*, for Appellant.

*Attorney General W. H. H. Hart*, for Respondent.

The COURT.—The defendant was convicted of the crime of robbery, and appeals from the judgment and order denying his motion for a new trial. It is insisted that the evidence is insufficient to support the verdict. The sufficiency of the evidence has been passed upon by the jury, and again by the trial court, when considering the motion for a new trial, and under such circumstances we are averse to nullifying their action. The evidence of the prosecuting witness, especially, as strengthened by that of·the police officer, is ample to sustain the verdict. The venue also is sufficiently shown by the record.

The court instructed the jury that "the defendant in a criminal case, testifying in his own behalf, occupies a relation to the case different from that occupied by any

other witness, and in considering the weight and effect to be given to the testimony of this defendant, in addition to noticing his manner," etc. (Then follows the balance of the stereotyped instruction upon this subject.) Appellant specially attacks that part of the instruction wherein the jury is told that the defendant in testifying occupied a different relation to the case from that of other witnesses. Inasmuch as that portion of the instruction following declares expressly wherein the defendant occupied a different relation to the case from other witnesses, and to what extent that relation might be considered in weighing defendant's evidence, no harm was done him by the giving of the instruction. Such must necessarily be so, for this portion of the instruction has been repeatedly given by trial courts, assailed by appellants, and approved upon appeal by this court. We have often suggested that the better practice would be to refrain from instructing jurors to the effect as evidenced by the foregoing instruction, but the suggestion appears to fall upon stony places, and brings forth no results. We shall limit the rule strictly as it has been heretofore declared, and new trials will be the result if those limits are overstepped to any extent. We think this case comes fairly within the rule. We find nothing further in the record demanding our attention.

For the foregoing reasons the judgment and order are affirmed.