[No. 21139.   Department One.—November 2, 1894.]

## THE PEOPLE, RESPONDENT, v. ALBERT HITCH-COCK, APPELLANT.

CRIMINAL LAW—PERJURY—MATERIALITY TO ISSUE—TECHNICAL DEFECT
IN INDICTMENT.—Where an indictment for perjury shows by the nature
of the case stated that the false evidence given was in a matter material
to the issue, the fact that the indictment is technically defective in
charging that the perjury was committed "in a manner material to the
issue," and in not using the word "matter," is not prejudicial to the
defendant, and, if the indictment was not demurred to, a judgment of
conviction under the indictment will not be reversed.

ID.—DEFECT NOT AFFECTING SUBSTANTIAL RIGHTS.—Where a defect in an
indictment or information is merely technical, and does not affect the
substantial rights of the parties, a judgment of conviction will not be
reversed by reason of such defect.

ID.—EXAMINATION OF PERSON ACCUSED OF MURDER—TESTIMONY MATERIAL
TO ISSUE—ADMISSION OF KILLING.—Testimony given upon the exam-
ination of a person accused of murder, as to facts occurring at the homi-
cide, which is material to the issue as to whether the accused was
probably guilty of the murder, is not rendered immaterial by the fact
that the killing was admitted. Such admission cannot change the issue,
nor affect the question of the materiality of the testimony.

ID.—IMPOSSIBILITY OF TRUTH OF TESTIMONY—ABSENCE OF DEFENDANT—
INSTRUCTION.—An instruction to the jury which correctly states the
issues under an indictment for perjury, and further states that, if the
jury find beyond a reasonable doubt that the defendant testified under
oath, as alleged in the indictment, and in fact did not see or hear the
occurrences to which he testified, and was at the time ten miles distant
from the place of the homicide, and that his testimony was knowingly
and willfully false, that then the defendant was guilty, and that they
should so find, is a proper instruction, and does not violate the consti-
tutional requirement that "judges shall not charge juries with respect
to matters of fact, but may state the testimony and declare the law."

ID.—INSTRUCTION AS TO CREDIBILITY OF DEFENDANT AS WITNESS.—Nei-
ther the constitution nor the existing statute prohibits an instruction
as to the credibility of witnesses, and any instruction as to the credi-
bility of the defendant as a witness will not be ground for reversal if
not more objectionable than others which have been sustained on appeal.

ID.—CHANGE OF STATUTE—CONSTITUTIONAL PROVISION UNAFFECTED—The
fact that the code does not contain the express reference to instructions
of the court in connection with the testimony of the defendant, which
was contained in former statutes, does not effect a change of law upon
that subject, the constitutional provision permitting such instructions
remaining unaffected.

APPEAL from a judgment of the Superior Court of
Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion.

*Ford & Burnell,* and *Ernest Sevier,* for Appellant.

The court erred in giving the third instruction, as the giving of such instruction invaded the province of the jury. (*Ells* v. *State,* 20 Ga. 438; *McLeland* v. *State,* 25 Ga. 477; *Parker* v. *State,* 34 Ga. 262.) Instruction seven was clearly improper, as it violates the constitution and is against the provisions of the code. (Const., art. VI, sec. 17; Pen. Code, sec. 1321; Code Civ. Proc., secs. 1102, 1323, 1879, 2061.) Instruction seven was an argument to the jury on a matter of fact and a comment upon the weight of testimony, and was therefore erroneous. (*People* v. *O'Brien,* 96 Cal. 180; *Muely* v. *State,* 31 Tex. Cr. Rep. 155; *Kauffman* v. *Maier,* 94 Cal. 269; *People* v. *Thompson,* 92 Cal. 511; *People* v. *Fong Ching,* 78 Cal. 172.)

*Attorney General W. H. H. Hart, Deputy Attorney General Charles H. Jackson,* and *T. H. Selvage,* for Respondent.

The third instruction was proper, as the court may state the testimony and declare the law as was done in such instruction. (*People* v. *Casey,* 65 Cal. 260; *People* v. *Perry,* 65 Cal. 568; *People* v. *Pasquez,* 49 Cal. 560.) The seventh instruction was also correct, and has often been upheld upon appeal. (*People* v. *Cronin,* 34 Cal. 192, 204; *People* v. *Morrow,* 60 Cal. 142; *People* v. *Nichols,* 62 Cal. 518; *People* v. *Wheeler,* 65 Cal. 77; *People* v. *O'Neal,* 67 Cal. 378; *People* v. *O'Brien,* 96 Cal. 171.)

HAYNES, C.—The defendant was indicted for perjury. The indictment appears to have been copied in part from the case of *People* v. *Ah Bean,* 77 Cal. 12. The opinion in that case set out the material part of the indictment, and in it occurs the expression, "Did in a manner material to the issue." The word "manner" is evidently a misprint, in that case, for the word "matter." Here the word "manner" is used in the indictment.

The indictment was not demurred to. At the close of the evidence on behalf of the people the defendant moved the court to instruct the jury to acquit the defendant upon the ground that the information did not state facts sufficient to constitute a public offense, and then first raised the question as to the use of the word "manner" instead of "matter."

The indictment was in other respects sufficient, and in some particulars less open to criticism than that against Ah Bean. If the district attorney had read the opinion of the learned chief justice in that case he would have seen that it was an error of the printer, as he afterward used the word "matter" in precisely the same connection.

We do not think appellant or his counsel could have been misled or prejudiced by the error, as it was clearly alleged that the false testimony was given upon the preliminary examination of George B. Hall on a charge of murder, and set out the evidence given by appellant on such examination, showing on its face that the evidence so given was material to the issue, and, that appearing, it appeared upon the face of the indictment that the testimony so given was in a "matter" material to the issue.

We do not intend to encourage carelessness in criminal pleading, but where a defect in an indictment or information is merely technical, and does not affect the substantial rights of the parties, we are not at liberty to reverse the judgment. (Pen. Code, sec. 1258.)

The testimony of appellant given upon the examination of Hall, as set out in the indictment, was clearly material. The issue there was whether Hall was probably guilty of the murder of Anderson. The killing of Anderson was therefore in issue. The record here does not show that Hall admitted the killing, but if it did it would not affect the question, since an admission of a fact does not tend to show that it was not in issue. It was not only alleged to have been material, but was proven to be so upon the trial.

Appellant's contention that the court erred in its third instruction cannot be sustained.

This instruction stated: "The matter which the prosecution alleges the defendant swore to, and which is alleged to be false, is as follows": The court then quoted the allegations of the indictment, and added: "The prosecution claims this testimony to have been false, and that the defendant knew it to be false, in this, that the defendant, Albert Hitchcock, was at that time at Freshwater, a distance of ten miles from the city of Eureka, and that so far as he was concerned the whole testimony was false, for the reason that if it did occur he did not see or hear it."

This was a clear and correct statement of the issues; and the remainder of the instruction was an application of the law to the effect that, if the jury found beyond a reasonable doubt that the defendant did so testify after being duly sworn, etc., etc., and in fact did not see or hear the occurrences to which he testified, and was not at that time in Eureka, but was in Freshwater, some ten miles distant, and that his said testimony was knowingly and willfully false, that then the defendant was guilty, and they should so find.

This instruction did not violate article VI, section 19, of the constitution, which provides that: "Judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." (See *People* v. *Flynn*, 73 Cal. 516; *People* v. *Casey*, 65 Cal. 260.)

Appellant excepted to the seventh instruction given at request of the people, which is as follows: " The defendant has been examined as a witness on his own behalf; this it is his right to be, and the jury will consider his testimony as they would that of any other witness examined before you. It is proper for the jury, however, to bear in mind the situation of the defendant, the manner in which he may be affected by your verdict, and the very grave interest he must feel in it; and it is proper for the jury to consider whether this position and interest may not affect his credibility or color

his testimony. But it is your duty to consider it fairly and give it such credit and weight as you think it is entitled to receive."

Appellant contends that the change in the statute since the case of *People* v. *Cronin*, 34 Cal. 204, was decided, has destroyed the authority of that case upon this point. That case was decided in 1867. The constitution of 1849, article VI, section 17, and section 19 of the same article in the present constitution, are identical. If neither the constitution nor the statute prohibits an instruction as to the credibility of witnesses the power to so instruct must be conceded. That the constitution does not has been frequently decided, from the case of *People* v. *Cronin*, 34 Cal. 204, down to *People* v. *O'Brien*, 96 Cal. 181. The act of 1866 (Stats. 1865–66, p. 865) permitted the defendant to be examined as a witness at his own request, "the credit to be given to his testimony being left solely to the jury, under the instructions of the court."

This act was amended in 1872 (Stats. 1871–72, p. 319), but was not changed in this respect.

The codes omit the clause above quoted relating to the instructions of the court, and the right of a defendant in a criminal case to testify in his own behalf is found in a general provision relating to the competency of witnesses. (Code Civ. Proc., sec. 1879; Pen. Code, sec. 1321.) These provisions, counsel contend, effect such a change in the law that the court can no longer give the jury any instruction upon the subject of the defendant's testimony. But these changes do not affect the constitutional provision, and, if that provision permits it, and if the statute does not prohibit it, it must still exist.

The charge in this case is certainly not more objectionable than many others which have been sustained on appeal; but we would again call attention to the suggestions given in *People* v. *O'Brien*, 96 Cal. 180; *People* v. *Curry*, 103 Cal. 548; and *People* v. *Lang*, *ante*, p. 363.

Sections 1102 and 1323 of the Penal Code, cited by counsel, do not affect the question.

No other points are made by appellant in his brief, but we have examined the whole record, and find no ground upon which the motion for a new trial should have been granted.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from should be affirmed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.