STATE, RESPONDENT, *v.* FARNHAM, APPELLANT.

(No. 2,395.)

' (Submitted April 10, 1907.   Decided April 20, 1907.)

(89 Pac. 728.)

*Criminal Law—Assault—Information—Sufficiency—Instructions —Harmless Error—Credibility of Defendant as Witness.*

Criminal Law—Assault in Second Degree—Information—Sufficiency.
   1.  Under Penal Code, section 401, subsections 3 and 5, an information charging defendant with having willfully, unlawfully and feloniously assaulted a person with a piece of iron pipe with intent to inflict grievous bodily harm, was sufficient to charge the defendant with an assault with the intent to commit a felony and gave the district court jurisdiction to try the cause.
Same—Instructions—Harmless Error.
   2.  Where one charged with assault in the second degree was convicted of that crime in the third degree, he was not prejudiced by an instruction which comprised all of the subdivisions of section 401 of the Penal Code, setting forth the various circumstances under which the crime in the higher degree may be committed.

Same—Instructions—Assault in Its Degrees—Harmless Error.
  3.  In a prosecution for assault in the second degree, an instruction
  which directed the jury, *inter alia*, that while eight of their number
  could return a verdict of guilty of assault in the third degree, it re-
  quired a unanimous verdict to find him guilty of the crime in its higher
  degree or a verdict of not guilty, but which omitted to charge that if
  the jury unanimously agreed that defendant was not guilty of assault
  in the second degree, and if thereupon eight of their number came to
  the conclusion that he was not guilty of the crime in the third degree,
  he should be acquitted, was harmless error where the record showed
  that nine of the jurors agreed to the verdict finding defendant guilty
  of assault in the third degree.

Same — Witnesses—Defendant—Credibility—Instructions—Presumption of
  Innocence.
  4.  An instruction, submitted to the jury in a criminal cause, embody-
  ing the provisions of section 2442 of the Penal Code, that a defend-
  ant cannot be compelled to be a witness against himself, and that if
  he does testify, the fact that he is the defendant and the nature and
  enormity of the crime with which he stands charged could be taken
  into consideration by the jury in weighing his testimony, was not open
  to the objection that it practically deprived him of the presumption
  of innocence which attends him until his guilt is established beyond a
  reasonable doubt.

Same—Instructions—Refusal—When not Error.
  5.  Where the district court in a prosecution for assault in the second
  degree had fully covered the law of the case in the instructions given,
  error may not be predicated upon its refusal to submit others requested
  by defendant.

Same.
  6.  An instruction requested by the defendant in a criminal prosecu-
  tion which commented upon the evidence, and one not justified by the
  facts of the case, were properly refused.

*Appeal from District Court, Silver Bow County; Michael Don-
lan, Judge.*

E. F. FARNHAM, charged with assault in the second degree
and found guilty of assault in the third degree, appeals from the
judgment of conviction.  Affirmed.

*Messrs. Maury & Hogevoll,* for Appellant.

The crime charged was a misdemeanor, and the district court
therefore had no jurisdiction to try the cause.  (*People* v. *Mar-
tin,* 47 Cal. 112; *Ex parte Ah Cha,* 40 Cal. 426; *People* v. *Van-
ard,* 6 Cal. 562; *People* v. *Mourat,* 45 Cal. 281; *Ex parte Max,*
44 Cal. 579; *People* v. *Vierro,* 52 Cal. 451; *State* v. *Broadbent,*
19 Mont. 467, 48 Pac. 775; *People* v. *Joselyn,* 80 Cal. 544, 22 Pac.

217.)   The court should have dismissed the case.   (*People* v. *Hodge,* 27 Cal. 343.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. Dan Yancey,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

E. F. Farnham was charged by the county attorney of Silver Bow county, by an information, with having willfully, unlawfully and feloniously assaulted one Frank O. Nelson with a piece of iron pipe, with intent to inflict upon said Nelson grievous bodily harm. The defendant entered a plea of not guilty. A trial was had before the district court, which resulted in a verdict finding the defendant guilty of assault in the third degree. From the judgment entered on this verdict the defendant appeals.

1. It is contended by the appellant that the information only charges an assault in the third degree, and therefore the district court was without original jurisdiction to try the case.

The character of the offense charged must be determined by reference to section 401 of the Penal Code; and if the information can be sustained as one charging assault in the second degree,—which it assumes to charge,—by reference to any of the subdivisions of that section, such result must be reached. The introductory clause and subdivisions 3 and 5 of that section are as follows:

"Sec. 401.   Every person who, under circumstances not amounting to the offense specified in the last section: * * * 3. Willfully or wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon; or * * * 5. Assaults another with intent to commit a felony * * * is guilty of an assault in the second degree. * * *"

The information charged the defendant with having committed an assault upon Nelson with intent to inflict upon him

grievous bodily harm.  Subdivision 5 above provides that an assault with intent to commit a felony is an assault in the second degree.  In this instance, instead of charging that the assault was committed with intent to commit a felony, or in the language of the statute itself, the pleader charged that the assault was committed with intent to do a particular thing, viz., to inflict upon Nelson grievous bodily harm; and the statute, in subdivision 3 above, declares that one who willfully or wrongfully inflicts grievous bodily harm upon another is guilty of an assault in the second degree, which is a felony.  Therefore it appears clear that under subdivisions 3 and 5 of section 401 above, this information charged the defendant with an assault with the intent to commit a felony, which is itself a felony, and the district court had jurisdiction to try the case.  We are unable to see the applicability of the cases cited by appellant.  In every instance an entirely different question from the one presented here was considered and decided.

Under this view of the case, the court did not err in failing to give defendant's requested instruction No. 23, which in effect states that the information does not charge the crime of assault in the second degree.

2. Complaint is made of instruction No. 11, given by the court, which contains the language of section 401 above; but what has already been said disposes of the objection made in this instance.  The defendant could not be prejudiced by the action of the court in including in the instruction all of the subdivisions of that section, since he was not convicted of an assault in the second degree at all.

3. By instruction No. 13 the court, among other things, directed the jury that they might return a verdict of assault in the second degree or assault in the third degree, or a verdict of not guilty; and, that while eight of their number could return a verdict of guilty of assault in the third degree, it required a unanimous verdict to find the defendant guilty of assault in the second degree or a verdict of not guilty.  This was doubtless a mere oversight on the part of the court.  It

was erroneous, in that if the jury agreed unanimously that the defendant was not guilty of assault in the second degree, and if then eight of their number agreed that he was not guilty of assault in the third degree, a verdict of not guilty could be returned; but since it appears from the record that nine of the twelve jurors agreed to the verdict finding the defendant guilty of assault in the third degree, the error was harmless.

4. By instruction No. 15 the court submitted to the jury these provisions of section 2442 of the Penal Code, to-wit: "A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but he may be sworn, and may testify in his own behalf and the jury in judging of his credibility and the weight to be given to his testimony, may take into consideration the fact that he is the defendant, and the nature and enormity of the crime of which he is accused. * * * "

It is argued by the counsel for appellant that the giving of this instruction practically deprives the defendant of the presumption of innocence which attends him until his guilt is established beyond a reasonable doubt, and in support of their contention cite *People* v. *Maughs,* 149 Cal. 253, 86 Pac. 187. But the instruction considered in the *Maughs Case* is not the same as No. 15 above, and the California court does not refer to a statute similar to our section 2442 above; in fact, California does not have a similar statute. The nearest approach to it is section 1323 of the California Penal Code, which provides: "A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but if he offers himself as a witness, he may be cross-examined by the counsel for the people as to all matters about which he was examined in chief. His neglect or refusal to be a witness cannot in any manner prejudice him, nor be used against him on the trial or proceeding."

In *People* v. *Hitchcock,* 104 Cal. 482, 38 Pac. 198, the same court was considering an instruction as follows: "The defendant has been examined as a witness on his own behalf. This it is his right to be; and the jury will consider his testimony as they

would that of any other witness examined before you. It is proper for the jury, however, to bear in mind the situation of the defendant, the manner in which he may be affected by your verdict, and the very grave interest he must feel in it; and it is proper for the jury to consider whether this position and interest may not affect his credibility or color his testimony. But it is your duty to consider it fairly, and give it such credit and weight as you think it is entitled to receive," and held directly that no constitutional right of the defendant was violated by giving this instruction. Furthermore, we have no such constitutional provision as section 19, Article VI, of the California Constitution, reference to which is made in some of the cases cited. If the decision of the California court in the *Maughs Case* can be construed as holding that the giving of an instruction such as No. 15 above, deprives defendant of any constitutional right, we cannot agree with it. The giving of such an instruction has been approved by many courts. (12 Cyc. 637, 638.)

5. The defendant offered instructions Nos. 21 and 24, which the court refused to give, and error is predicated upon the action of the court in this regard. We think, however, that the court had fully covered the law of the case in the instructions given, and that no error can be predicated upon its refusal to give either of these instructions. Furthermore, instruction No. 21 comments upon the evidence, and for that reason alone might properly have been refused, while, in our opinion, the facts of the case do not justify the giving of No. 24.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied May 17, 1907.