[Crim. No. 4522. Second Dist., Div. Two. Feb. 5, 1951.]

THE PEOPLE, Respondent, v. MARGARET HALEY, Appellant.

Jack B. Adams for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant was charged with a violation of section 653f of the Penal Code—soliciting one Paul Howard to commit and join in the commission of the crime of perjury. She was tried by a jury and found guilty. A motion in arrest of judgment and a motion for a new trial were made and denied. Judgment was not pronounced but proceedings were suspended and defendant was placed on probation for a period of five years. She has appealed from the order denying a new trial and has purportedly appealed from the nonexistent judgment.

This prosecution arises from a pretense made by defendant that she had been injured by an automobile driven by one Dr. Brotman, who had been her attending physician for

some time previous to the date of the feigned injury. Dr. Brotman's car did not strike defendant and her claim was spurious.

After having personally accused Dr. Brotman of striking her with his car she telephoned him on two or three occasions asking ''What are you going to do about it?'' and he replied that he would report the matter to his insurance company, which he did. Later she telephoned the doctor that the claim agent of the insurance company had told her and her attorney that there was no evidence of any accident and refused to pay her anything. She insisted that Dr. Brotman pay her medical bills, which he refused to do.

 Defendant then sought the assistance of Paul Howard in attempting to prove her alleged injury. She telephoned him to come to her home and upon his arrival he found her in bed; she told him she had been injured in an accident and related the time, place and speed of the car which she said had struck her; she said it was a doctor's car but did not tell Howard the name of the doctor; she said she wanted Howard to be a witness in her behalf and to say he saw the accident. He asked her how he could be a witness when he did not see any accident, to which she replied that she would tell him what to say. On a second occasion she told Howard she would give him all the facts and tell him how to describe the accident—that she was in the crosswalk when the doctor's car knocked her down; that she had $728 in her purse; that someone helped her up and later she noticed the money was gone. She told him to say he had been close by the scene of the accident. She said there were other persons who offered to be witnesses but she did not take their names because they had been too far away from the intersection; that she had picked Howard because he was living near by; that she did not know how much would come out of the incident but whatever she got she would give Howard a part of it. She described the car that she claimed had struck her but did not give the doctor's name and did not give the license number. On a third occasion the same matters were discussed and she told Howard the license number of Dr. Brotman's car and gave him $20. Howard asked her how she would circumvent a lawsuit and she said she would see he was taken care of if he would be a witness for her; that many people settled their cases out of court and she would wait for a good offer.

On another occasion defendant took Howard for a ride in her car and discussed her purported accident again. On this occasion she told Howard she had testified for a plaintiff who supposedly had stepped in a crack in the sidewalk and turned her ankle; that she testified she saw the woman fall and the woman won her case, and she saw no reason why the same result could not be attained in her own action. Howard then told her he would be a witness in her behalf.

Previous to the last meeting between defendant and Howard he had conferred with a police officer. A few days later he called defendant from the police station and talked with her for about an hour while a police officer listened on another telephone. She told Howard they had got their stories mixed and would have to get them straight. Knowing that defendant had talked with a deputy city attorney about the accident, Howard told defendant he had seen the same deputy and the latter believed what had been told him about the accident. Actually, however, Howard had not seen the deputy city attorney. During this conversation defendant told Howard she had bigger plans for a similar scheme against the May Company; that she was going to sue the company in the hope of getting $25,000, in which event she would take care of Howard. Two days later Howard made another telephone call to defendant from the police station, the same officer listening on another instrument, when the accident and the possibility of a settlement were discussed. A few days later Howard again called defendant from the police station and talked with her for an hour and a half. Listening to the conversation were the same officer and a shorthand reporter who recorded the conversation.

Immediately after the date on which defendant claimed to have been injured she called a physician to her home who made an examination of her body and found no bruises. He testified that he found a tenderness in the area near the right kidney. (Dr. Brotman had treated defendant for a kidney infection.) X-ray photographs were made which revealed no broken bones or other signs of injury.

Defendant filed an action against Dr. Brotman for damages and after telling her story to a deputy city attorney she signed and swore to a criminal complaint against the doctor which was filed. The deputy testified that no warrant was to be issued and no prosecution was to be had and that the reason for having defendant sign the complaint was to have

her swear under oath that the facts contained in the document were true. Defendant asserted that the accident took place on October 1, 1949; she did not report it to the police until October 21.

The foregoing outline disposes of defendant's contention that the evidence is insufficient to sustain the verdict. ■ During her conversations with Howard she made several statements to the effect that the case would probably be settled out of court and that Howard would not be called upon to testify. In her brief she quotes several isolated statements to that effect and contends that she did not intend to have Howard commit perjury by testifying in court but that he was to make statements to the insurance adjuster which would assist in obtaining a settlement without the trial of her action. Inasmuch as she had filed her complaint seeking damages and had had Howard confer with her attorney no other conclusion can be reached than that she intended that Howard should testify in her behalf in that action.

Defendant contends she did not have a fair trial by reason of misconduct and suppression of evidence by her trial attorney, not counsel who appears for her on this appeal. ■ (1) She asserts that inadmissible evidence was admitted without objection on the part of her attorney but she does not point out such evidence in her brief and this court is not called upon to read the transcript for the purpose of finding such evidence, if it exists. ■ (2) She complains that her attorney did not offer in evidence a written statement in the handwriting of Dr. Gottlieb, the physician called by her after the date of the purported accident. The doctor testified fully and completely as to his examination of defendant and his findings resulting from such examination and the written statement, which was submitted in an affidavit on motion for a new trial, does not appear to add to or subtract from the doctor's evidence. Furthermore, any statement relating to defendant's physical condition is immaterial since she is charged with having solicited Howard to testify that he had seen the alleged accident which she asserted caused her injuries when in fact Howard had not been present and had no knowledge of the purported incident other than that which defendant related to him. ■ (3) Defendant charges that her counsel forced her to admit one of the telephone conversations which Howard had with her from the police station This complaint is unfounded since in her

testimony she denied every telephonic conversation with Howard except that which she claims her attorney forced her to admit; she testified that she had examined the transcript of the colloquy in question and it was not correct in some particulars; although she had an opportunity to disclaim the conversation she did not deny that it took place but pointed to several statements contained in the transcript which she said were not made. ■ (4) As to her assertion that her mother was not permitted to testify, it does not appear from the record or from affidavits on motion for new trial that her mother would have given material evidence if called. ■ (5) One Cargile testified as a witness in her behalf and she makes some indefinite claim that the attention of the court and jury should have been called to the fact that he had been asked not to be a witness for her. There is nothing in the record to show that any such request was made of Cargile and this charge, like the others, is without foundation. An examination of the record indicates that her trial counsel made a diligent defense.

■ The information charges defendant with having solicited Howard "to commit and join in the commission of the crime of perjury." Defendant contends she was charged with two offenses, to wit: having solicited Howard (1) to commit perjury, and (2) to join in the commission of perjury. Defendant did not demur to the information and no notice was taken of this point at the trial. Defendant was not misled but was fully advised of the offense of which she was accused. (*People* v. *Codina,* 30 Cal.2d 356, 360-2 [181 P.2d 881]; *People* v. *Hitchcock,* 104 Cal. 482, 484 [38 P. 198].) Such objection may not be first raised on appeal. Defendant was charged and convicted of one crime—unlawful solicitation. Furthermore, where a defect in an information is merely technical and does not affect the substantial rights of the defendant, a verdict of guilt will not be disturbed. (Pen. Code, §§ 960, 1404; *People* v. *Hitchcock, supra*; *People* v. *Pierce,* 14 Cal.2d 639, 644ff [96 P.2d 784].)

Defendant contends she is not guilty of soliciting the commission or the joining in the commission of the crime of perjury upon the fallacious theory that she could not have been guilty of such crime unless and until Howard had committed perjury at her request by taking an oath to testify truly before a competent tribunal and thereafter stating under oath as true a material matter which he knew to be false. (Pen. Code, § 118.) ■ A person who solicits another to

commit or to join in the commission of one of the crimes mentioned in section 653f is guilty of a violation of that section even though the criminal offense solicited is never committed. (*People* v. *Baskins,* 72 Cal.App.2d 728, 733 [165 P.2d 510]) and even though the other person rejects the importunity and refuses to testify. (*People* v. *Gray,* 52 Cal. App.2d 620, 644-5 [127 P.2d 72].) The evidence shows that defendant solicited Howard to be a witness and to testify concerning a pretended accident that never occurred.

Defendant assigns error in the failure of the court to instruct the jury (a) that it was a question of fact for the jury to determine whether or not Howard was an accomplice, and (b) that the testimony of an accomplice should be viewed with distrust. Such instruction had no place in the trial of this action. An accomplice is "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." (Pen. Code, § 1111.) Howard could not have been prosecuted for soliciting the commission of perjury. He did not solicit anyone and he did not join with defendant in the solicitation of any person to commit a crime. He was not an accomplice and the court did not err in having failed to give instructions relating to accomplices. (*People* v. *Baskins, supra,* at p. 731.)

Order denying new trial affirmed. Purported appeal from judgment which was not rendered is dismissed.

Moore, P. J., and McComb, J., concurred.