[Crim. No. 961. First Appellate District, Division One.—June 15, 1921.]

THE PEOPLE, Respondent, v. REGINALD G. P. WYMER, Appellant.

[1] CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—CORROBORATIVE CIRCUMSTANCES.—In a prosecution for obtaining money by false pretenses, the circumstances connected with the transaction, the entire conduct of the defendant, and his declarations to other persons are proper matters for the consideration of the jury, and may be looked to to furnish the corroborative evidence contemplated by section 1110 of the Penal Code where the false pretense is oral.

[2] ID.—SUFFICIENCY OF CORROBORATIVE EVIDENCE.—In this prosecution for obtaining money by false pretenses, while the facts and circumstances disclosed by the record were not extensive, it could not be said that there was no corroborative evidence from which the jury could draw the inference that the defendant made the false statements to the complaining witness as charged and as testified to by her.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan S. Lee for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WASTE, P. J.—The defendant was charged with obtaining money by false pretenses. The trial resulted in a verdict of guilty, and from the judgment of conviction, and sentence, defendant appeals, after motion for a new trial made and denied.

The information charged, and the complaining witness testified, that the appellant stated to her that he had a contract with the United States government to cut and supply wood in the Santa Cruz Mountains to be used by the United States army; that the contract was worth five thousand dollars to him; that he needed money from time to time with which to pay the men who were working for him in order to complete the contract, and asked the complaining witness to advance these sums to him, promising her to repay the money when the contract was complete. Believing and relying upon the representations, the complaining witness advanced various sums of money to the defendant at different times, amounting in all to four thousand dollars, which sum has never been paid. It was established at the trial that these statements were untrue; that defendant had no contract for cutting and supplying wood with the United States government, or, so far as the record discloses, with any other person. The defendant admitted getting the money, but testified it was advanced in contemplation of his making a sale of an apartment house belonging to the complaining witness.

Section 1110 of the Penal Code provides that where the false pretense is oral, it must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances. The complaining witness, Mrs. Sears, was the only one who gave direct testimony as to the false statements

made to her by the appellant. But a fact in issue may be proved either by direct evidence of the facts or by proof of other facts or circumstances, from which the fact in issue may be inferred. (Code Civ. Proc., sec. 1870, subd. 15; *People* v. *Donnolly*, 143 Cal. 394, 398, [77 Pac. 177]; *People* v. *Seeley*, 139 Cal. 118, 123, [72 Pac. 834].) Mrs. Sears had listed her apartment house with the defendant for sale, and was frequently in his office during the time she was advancing money to him. Maud Howell, a stenographer in the office during the time, testified that she heard defendant say to someone (she did not know to whom) that he had a contract for cutting wood in the Santa Cruz Mountains, and that he had to go down at the end of each week and pay his men, and that it took considerable money. Mrs. Louisa Betz testified that the defendant called on Mrs. Sears at her home very many times, and was most importunate in asking her to loan him money. [1] In this class of cases the circumstances connected with the transaction, the entire conduct of the defendant, and his declarations to other persons are proper matters for the consideration of the jury, and may be looked to to furnish the corroborative evidence contemplated by the law. (*People* v. *Gibbs*, 98 Cal. 661, [33 Pac. 630]; *People* v. *Martin*, 102 Cal. 558, 565, [36 Pac. 952].) The testimony of the witnesses Maud Howell and Mrs. Betz was therefore properly admitted by the court, and its refusal to strike it out was not error.

[2] While the facts and circumstances disclosed in this case are not extensive, it cannot be said there is not corroborative evidence from which the jury could draw the inference that the defendant made the false statements to the complaining witness as charged and as testified to so strongly by her. Therefore the verdict of the jury is conclusive, as the jurisdiction of this court under such circumstances is limited to questions of law alone.

The judgment and the order refusing a new trial are, and each is, affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 15, 1921, and a petition to have the cause heard in the supreme court, after judg-

ment in the district court of appeal, was denied by the supreme court on August 11, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.