[Crim. No. 764.   Second Appellate District, Division One.—September 14, 1921.]

THE PEOPLE, Respondent, v. J. M. FLOWERS, Appellant.

[1] CRIMINAL LAW—OBTAINING PROPERTY BY FALSE PRETENSES—INFORMATION.—Where representations detailed in the words of an information charging the obtaining of money by false pretenses do not in themselves furnish a logical cause or inducement for a complainant's act in parting with his money or property, and their force in that direction depends upon some extrinsic meaning or understanding which is not alleged, the casual connection between the pretenses employed and the resulting loss is not made to appear.

[2] ID.—CAUSAL CONNECTION BETWEEN PRETENSES AND LOSS—SUFFICIENCY OF INFORMATION.—An information charging representations to have been made by defendant that he was the owner of a printing plant, that by reason of such representations the complaining witness was induced to deliver to defendant the money and property in exchange for a one-half interest in the plant, and that the representations as to ownership were false and that the defendant had no interest therein, sufficiently shows a causal connection between the pretenses and the effect attributed to them.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve and W. T. Helms for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

JAMES, J.—The defendant was convicted under the charge of having obtained personal property of one Rinker by means of false representations and pretenses. He appeals from the judgment and from an order denying a motion for a new trial.

It is first contended that the court was in error in overruling an objection to the introduction of evidence and in denying a motion in arrest of judgment. The point made in that behalf is that the information did not contain a statement of facts sufficient to constitute the public offense attempted to be charged. It is argued by counsel that no ''causal connection'' is shown between the alleged false pretenses and the effect attributed to them. In the information it was alleged that appellant represented and pretended that he was the owner of and possessed of the title to a certain printing plant; that he was lawfully entitled to sell and convey an interest therein; that Rinker, believing the representations and pretenses as alleged to be true, and relying upon the same, was deceived thereby, and paid to appellant the sum of $130 in money and delivered to him liberty bonds of the value of $95 and an automobile of the value of $400. It was then alleged as follows: ''That in truth and in fact each and all of the said representations and pretenses, so made as aforesaid, by the said J. M. Flowers to the said Richard Rinker were then and there false, fraudulent, and untrue, as he, the said J. M. Flowers, then and there well knew. That in truth and in fact the said J. M. Flowers was not then and there, or at any time, or at all, the owner of, or possessed of the legal title to, or the owner of, or entitled to

any interest whatsoever in and to that certain printing plant with the accessories thereof as hereinbefore described, as he, the said J. M. Flowers, then and there well knew.'' The information also contained allegations that the representations and pretenses were willfully, fraudulently, and feloniously made with intent to defraud the said Rinker. It also contained an allegation that appellant executed a written bill of sale whereby he pretended to convey to said Rinker an undivided one-half interest in the said printing plant. It appears then that the information clearly charged representations to have been made by appellant that he was the owner of the printing plant; that by reason of said representations Rinker was induced to deliver to appellant the money and property in exchange for a one-half interest in the plant, and that the representations as to ownership made by appellant were false, and that he had no interest whatsoever in the printing plant. [1] Where representations detailed in the words of an information do not in themselves furnish a logical cause or inducement for a complainant's act in parting with his money or property, where their force in that direction depends upon some extrinsic meaning or understanding which is not alleged, it may then be said that the ''causal connection'' between the pretenses employed and the resulting loss is not made to appear. [2] The information presented in this case is not deficient in the respect suggested. It is plain enough in its charging part to enable a person of ordinary understanding to comprehend that the defendant, by pretending to be the owner of property, procured another to deliver to him money and merchandise in exchange for an interest therein. It is clearer in its statement of the facts constituting the alleged offense than was the information considered in the case of *People* v. *Griesheimer,* 176 Cal. 44, [167 Pac. 521], which the supreme court sustained as against the precise contention that is now advanced.

Insufficiency of the evidence to sustain the verdict is urged as a second ground for error. We have examined carefully the statement of the evidence and are satisfied that it must be held sufficient. It is clearly shown that appellant was not the owner of the printing plant when he attempted to sell a one-half interest to the complain-

ant; he had no title at all. He attempted to show that negotiations had been in progress looking toward the purchase by him of the property and attempted to show that he had in fact completed such a deal. The evidence fell short of establishing that fact and the most that can be said for appellant's side of the case is that the jury might have concluded, had it believed the testimony offered by the defendant, that while he had not in fact obtained title to the printing plant, his assumption that he had completed the purchase of it furnished an excuse as relieving his acts and conduct from the charge that they were fraudulent and done with intent to unlawfully deprive complainant of his property. That question, however, was for the jury and was decided against the appellant, and with that decision upon the facts he must rest content.

In the concluding paragraph of appellant's brief it is asserted that there was error in the instructions, but there is no specification or argument to show wherein the charge as given by the court to the jury did not correctly declare the law. We find no error justifying the claim of appellant that a reversal should be ordered.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.