[Crim. No. 1089.  Second Appellate District, Division One.—October 6, 1924.]

## THE PEOPLE, Respondent, v. G. A. HELMLINGER, Appellant.

[1] CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—CORROBORATION—SIMILAR TRANSACTIONS.—In a prosecution for obtaining money by false pretenses, the specific charge being that defendant obtained a specified sum from the complaining witness for a one-half interest in a certain real estate business which defendant represented he was carrying on at a designated location, testimony of witnesses to whom defendant had made representations similar to those testified to by the complaining witness, and growing out of like transactions with defendant, is sufficient corroboration to meet the requirements of section 1110 of the Penal Code, although said witnesses did not hear defendant make any statement whatever to the complaining witness.

_____

1. Admissibility of evidence of similar transactions in prosecution for false pretenses, notes, 10 Ann. Cas. 906; 17 Ann. Cas. 464. See, also, 11 R. C. L. 867; 12 Cal. Jur. 472.

[2] ID.—PURCHASE OF ONE-HALF INTEREST IN BUSINESS—FRAUDU-
LENT REPRESENTATIONS—EVIDENCE.—In such a prosecution, proof
that the complaining witness was given an equal partnership inter-
est in the real estate business with the defendant does not con-
stitute proof that the complaining witness received what he bar-
gained for and that, therefore, he was not defrauded, where the
evidence shows that he paid out his money for a partnership
interest in a business that was represented to him as producing an
income of a specified sum per month, net, and in connection with
which defendant had made sales of certain specified real property,
and had other property listed for sale, whereas the complaining
witness received a partnership interest in a business that produced
no net returns, that had not made any sales of the property repre-
sented, and that had practically no property of others listed with
it for sale.

(1) 25 C. J., p. 651, sec. 88.    (2) 25 C. J., p. 597, sec. 25.

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order denying a new trial.
Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Leo Dazo and Cooper, Collings & Shreve for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy
Attorney-General, and H. B. Eddie for Respondent.

CURTIS, J.—The defendant was convicted of the crime
of obtaining money by false pretenses. The specific charge
against the defendant was that he obtained the sum of $200
from the complaining witness T. S. Miller for a one-half
interest in a certain real estate business which defendant
represented he was then carrying on at 311 San Fernando
building in the city of Los Angeles. The false and fraud-
ulent representations, which it is alleged defendant made
to the said Miller and which induced the latter to pay
defendant said $200 for a half interest in said real estate
business, were that said real estate business was then yield-

2. Effecting sale of property through false representation of value
as false pretenses, note, 14 L. R. A. (N. S.) 1197. See, also 11
R. C. L. 843; 12 Cal. Jur. 455, 459.

ing a net profit of from $800 to $1,000 per month; that defendant had sold for one Benjamin F. Porter, at a price of $850 per acre, two tracts of land, one of twelve acres and the other of twenty-five acres, and that said defendant had listed with him for sale, by the owners thereof, a number of pieces of real property located in the city of Los Angeles.

[1] Practically the only question involved in this appeal is whether there is sufficient corroborative evidence in the record to comply with the requirements of section 1110 of the Penal Code. The complaining witness testified that he called upon the defendant in the first part of August, 1922, in response to an advertisement appearing in one of the daily papers of the city of Los Angeles, and that as a result of their negotiations, on the sixth day of September, he bought a one-half interest in the real estate business, owned by defendant, for the sum of $275, paying $200 in cash, the balance to be paid out of the profits of the business. He further testified in substance that all of the false and fraudulent representations set forth in the information were made to him by the defendant prior to the time he purchased an interest in said business, and that he was induced to make said purchase by reason of said false and fraudulent representations. No other person was present on any of the occasions when these statements were made by the defendant to the complaining witness, and it is claimed, therefore, that the testimony, as to the false pretenses made by defendant, lacks that corroboration required by the above provisions of the code. Two other witnesses, however, testified in the case that representations similar to those the complaining witness testified were made to him, were made to them by the defendants during the months of July and August, 1922. Each of said witnesses testified that he called upon defendant in answer to an advertisement appearing in a daily paper of said city, wherein defendant offered to sell a one-half interest in a real estate business located at 311 San Fernando building in the city of Los Angeles. And each of said two last-named witnesses testified that the defendant made statements to them which were practically the same as the statements which the complaining witness testified were made to him by the defend-

ant. And each of said witnesses paid to the defendant the sum of $275 for a half interest in said real estate business, and one of said witnesses testified that, after finding that said business had been misrepresented to him by defendant, he demanded a return of his money and a' dissolution of the partnership. The examination of the other of said witnesses was limited by the court simply to the representations made by the defendant to him. A third witness testified that, in answer to an advertisement in the same daily paper by the defendant to sell a half interest in a real estate business at 332 Grosse building, in said city, he called upon the defendant in the first part of June, 1922, and that practically the same representations were made to him as were testified to by the complaining witness.

A case presenting facts very similar to those in the present action was that of *People* v. *Wymer,* 53 Cal. App. 204 [199 Pac. 815]. In that case it was held that "In this class of cases the circumstances connected with the transaction, the entire conduct of the defendant, and his declarations to other persons are proper matters for the consideration of the jury, and may be looked to to furnish the corroborative evidence contemplated by the law." And it was accordingly held that the testimony of witnesses to whom the defendant had made statements similar to those testified to by the complaining witness was sufficient corroboration of the complaining witness to meet the requirements of section 1110 of the Penal Code, although said witnesses did not hear the defendant make any statement whatever to the complaining witness. Following this case, it must be held that the evidence in the present case shows a sufficient corroboration of the testimony of the complaining witness to justify the verdict of the jury.

[2] Appellant contends that as the complaining witness received what he bargained for, that is, an equal partnership interest in the real estate business with the defendant, that he is not defrauded. There can be no force in this argument, for it is founded upon a false premise. The complaining witness did not receive that for which he paid his money. He paid out his money for a partnership interest in a business that was represented to him as producing an income of from $800 to $1,000 per month, net,

and in connection with which the defendant had made certain sales of real property belonging to one Porter, and had other property listed for sale. He received, according to the undisputed evidence, a partnership interest in a business that produced no net returns, had not made any sales of the Porter property and had practically no property of others listed with it for sale. The complaining witness not only did not receive what he paid his money for, but he received absolutely nothing of value. The fraud practiced upon him by the defendant was complete. The regularity with which, as shown by the evidence, the defendant attempted to fraudulently dispose of a fake business to unsuspecting victims, establishes not only his intent to defraud the complaining witness in this action, but discloses a course of conduct on his part which is most reprehensible and which, as we would naturally expect, finally resulted in his being haled before the criminal courts of the state.

The judgment and order denying motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 4, 1924.