[Criminal No. 685. Filed November 13, 1928.]

[271 Pac. 725.]

J. P. WILLIS, Appellant, v. STATE, Respondent.

364

Mr. J. P. Willis, *in pro. per.*

Mr. John W. Murphy, Attorney General, Mr. Frank J. Duffy, Assistant Attorney General, and Mr. W. C. Shipley, for the State.

ROSS, C. J.—J. P. Willis, the appellant, was convicted of the offense of obtaining money by false and fraudulent representations and pretenses. He has appealed from the judgment of conviction, and presents in his own proper person his claim of errors occurring in the trial.

His assignments do not conform to the rules of the court, but his brief directs our attention to his contentions, and we have, aside therefrom, examined the record for other errors. This we conceive to be our duty under the statute. Section 1171, Pen. Code 1913.

It is first suggested by appellant that the information does not allege facts sufficient to constitute a public offense. The Attorney General took no notice of this suggestion, but seemingly assumed the information did state a public offense. Our investigation of the law satisfies us that it is a much-disputed question as to whether it should be held sufficient. Its sufficiency was not questioned by demurrer, but only on the introduction of evidence by the state. The offense charged, or attempted to be charged, is defined by section 523 of the Penal Code, and in the information, omitting the words alleging intent, fraud, etc., is described as follows:

That the said J. P. Willis, on or about February 18, 1927, at Cochise county, Arizona, represented to Josephine Blalack that the Passey Bros. Products Com-

pany, Inc., was a solvent concern, paying annual dividends upon its stock; that its stock was reasonably worth $1.50 per share; that he, as its general manager, in common with its other officers, was desirous of having her purchase certain capital stock of said corporation then owned by a disgruntled stockholder, who was causing him and others of its officers trouble, and that if she would purchase such stock the corporation would give her permanent employment in the company's factory in Phoenix at $100 per month; that in truth and in fact the Passey Bros. Products Company, Inc., was then and there insolvent, and unable to pay dividends, and its stock was worthless; that Willis did not intend to deliver to said Blalack the stock of a disgruntled stockholder, but intended to deliver to her his personal stock in said company; that the Passey Bros. Products Company, Inc., was financially unable to give her permanent employment and pay her $100 per month, all of which defendant well knew; that Blalack believed the false and fraudulent representations aforesaid, and was induced thereby to deliver to Willis $1,000 of her property.

It will be noticed that there is no direct allegation in the information showing what the prosecuting witness received or expected to receive for her $1,000. It can perhaps be inferred therefrom that she expected to get a disgruntled stockholder's stock, but the information does not say she got such stock, nor does it say that she received for her money any personal stock of defendant. It would appear, however, to be immaterial which stock it was, since either is or was of equal value to the prosecutor.

False pretenses must be based on an existing or past fact, and cannot be predicated upon promises to be performed in the future, such as promises of employment or dividends. 25 C. J. 590–595, §§ 13, 14, 15. The only material existing facts or past facts

alleged were that Willis represented that the Passey Bros. Products Company, Inc., was solvent and was paying dividends, and its stock was worth $1.50 per share.

In addition to the false pretenses, the information must show that the injured party believed the pretenses were true, and relied upon them, and by reason thereof parted with his property. 25 C. J. 599, § 27.

It is agreed by all the authorities that the information must show a causal connection between the payment of the money and the representations. In other words, it must show the purpose for which the injured party paid the money to the defendant. The great majority of the cases hold that this connection should be by direct allegation. These cases are collated in the dissenting opinion of Judge HENSHAW in *People* v. *Griesheimer,* 176 Cal. 44, 167 Pac. 521. That was the rule in the earlier cases in California. *People* v. *White,* 7 Cal. App. 99, 93 Pac. 683; *People* v. *Kahler,* 26 Cal. App. 449, 147 Pac. 228. But in the Griesheimer Case and in *People* v. *Flowers,* 54 Cal. App. 214, 201 Pac. 468, and *People* v. *Moore,* 82 Cal. App. 739, 256 Pac. 266, it was held, because of a change in the organic law of that state, that if it appeared from the allegations of the information that ''no person of common understanding could fail to understand that it was substantially charged, by necessary inference, at least, that the money was paid because of the alleged false representations, and for the purpose suggested thereby'' (Griesheimer case), it was sufficient.

The facts in the cases thus holding are very similar to the facts in the present case, so much so as to justify the application here of that rule. In the Griesheimer case the information charged that defendant represented that he was employed by the ''Fatherland Magazine,'' and authorized and empowered to solicit loans and subscriptions, and to

receive and receipt therefor; that he had solicited from others (named) and received from them contributions of money; that said representations were false, but that the injured party believed them, and was induced thereby to deliver to defendant $300. In *People* v. *Flowers, supra,* the information alleged defendant falsely represented that he owned a one-half interest in a printing plant, and was lawfully entitled to sell and convey such interest; that prosecuting witness believed such representations, and was induced thereby to pay, and did pay, to defendant a certain sum of money. In both cases it was held the informations were not subject to the objection; that they did not show the causal connection between the alleged false pretenses and the effect attributed to them.

In the present case the information shows that the negotiations were for stock of a company represented to be solvent, and of the value of $1.50 per share, and upon which dividends were being paid, and that Josephine Blalack believed said representations, and was thereby induced to deliver to defendant $1,000. We believe a person of common understanding would interpret this allegation as meaning that Blalack paid money for stock of said company, as much so as if it were alleged by direct language. We therefore hold the information was sufficient, especially in the absence of a demurrer thereto.

We the more readily sustain the information because of the provisions of the Penal Code and the Constitution as follows:

"No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits." Section 944, Penal Code 1913.

" . . . No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done." Section 22, art. 6, Constitution.

The obvious purpose of these provisions was no doubt to meet just such situations as this one. Though the information may not be technically correct, when tested by the rules of common law, we think it measures up to the new rule of the statute and Constitution. The defendant cannot possibly be prejudiced because the causal connection between the payment of the money and the false pretenses is by necessary inference rather than by direct allegation.

The court instructed the jury as follows:

"The jury is instructed that the state does not have to prove that the defendant made all of the alleged false pretenses or representations of existing or past fact—viz., that said Passey Bros. Products Company, Inc., was a solvent concern; that it was paying annual dividends upon its capital stock; that the capital stock of said company was reasonably worth the sum of one and 50/100 dollars per share; that said J. P. Willis as general manager of said corporation in common with other officers of said company was desirous of having said Josephine Blalack purchase certain capital stock of said company then owned by a disgruntled stockholder, who was causing said Willis and said officers of said company trouble; but if it has been proven beyond a reasonable doubt, by evidence as required under the statute as quoted to you, that defendant made one or more of such said pretenses and representations; that such pretenses or representations were false; and that the defendant knew the same to be false, and that defendant obtained the money of the said Josephine Blalack by reason of such pretenses or representations, then you should find the defendant guilty."

We think this instruction was clearly erroneous. If it was stock of the company that Blalack bought and paid for, we cannot see how she would be injured,

if she received such stock whether it was the stock of a disgruntled stockholder or someone else. Suppose she thought she was getting a disgruntled stockholder's stock, but in fact got stock of equal value belonging to defendant or some other stockholder, it is not apparent that the deception practiced would be material. The deception, if any existed in fact, consisted in selling and delivering to her stock of an insolvent company, of no value, whereas she was made to believe it was stock of a solvent company and of the value of $1.50 per share. Under the instruction given, if the evidence should show that the company was solvent and paying dividends, and its stock was in fact worth $1.50 per share, still the jury was authorized to find defendant guilty, if defendant gave her other stock than the stock of a disgruntled stockholder, who was causing defendant and other officers trouble.

This was error, and for it the case must be reversed, and the cause remanded for a new trial.

LOCKWOOD and McALISTER, JJ., concur.