[Crim. No. 3943.   Second Dist., Div. Two.   Jan. 29, 1946.]

THE PEOPLE, Respondent, v. BEATRICE BASKINS et al., Appellants.

Walter L. Gordon, Jr., for Appellants.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Jere J. Sullivan and Robert Wheeler, Deputies District Attorney, for Respondent.

WILSON, J.—Defendants were charged under section 653f of the Penal Code with having solicited Henry Davis to commit and join in the commission of the crime of murder of one John R. Baskins. They were tried by a jury and convicted. Each defendant made a motion for a new trial based upon all statutory grounds and said motions were denied.

Defendants' appeal is upon two grounds: (1) the insufficiency of the evidence; (2) prejudicial error of the court in refusing to give instructions requested by defendants.

1. *Sufficiency of the evidence.* ▮ Henry Davis, the person alleged to have been solicited to commit the murder, testified that he rented a room from appellant Mrs. Broussard. Shortly thereafter he was introduced by Mrs. Broussard to her sister, appellant Mrs. Baskins, the latter then being the wife of the person whose murder was sought. He related conversations with both appellants in which they asked him if he would kill Baskins. The witness testified that Mrs. Broussard offered him $600 and showed some bonds as evidence that she was able to pay him. Davis not having been acquainted with Baskins, Mrs. Baskins gave Davis a picture of her husband so that he could be identified. Baskins was killed, but the record does not show who committed the murder.

Another witness who roomed at the Broussard home testified that Mrs. Broussard asked him to kill Baskins and offered him several hundred dollars if he would do so. A third witness, who was also a roomer at Mrs. Broussard's house, testified that Mrs. Baskins asked him if he would get someone to kill Baskins or do so himself, offering to pay him therefor. Both appellants, testifying in their own behalf, denied that they had ever requested Henry Davis or any other person to kill Baskins.

Section 653f of the Penal Code provides that the offense of soliciting another to commit one of the crimes named in said section "must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances." Corroborative evidence is additional evidence of a different character, to the same point. (Code Civ. Proc., § 1839.) The testimony of the two witnesses other than Davis was of a different character but to the same point as that of Davis and satisfies the requirement of said section of the Penal Code. (*People* v. *Tolmachoff*, 58 Cal.App.2d 815, 822 [138 P.2d 61]; *People* v. *Wymer*, 53 Cal.App. 204, 206 [199 P. 815]; *People* v. *Helmlinger*, 69 Cal.App. 139, 142 [230 P. 675]; *People* v. *Knocke*, 94 Cal.App. 55, 64 [270 P. 468]; *People* v. *Follette*, 74 Cal.App. 178, 204 [240 P. 502].) ■ The corroborative evidence need not be strong nor even sufficient in itself, without the aid of other evidence, to establish the fact. (*People* v. *Tinnin*, 136 Cal.App. 301, 305 [28 P.2d 951]; *People* v. *Martin*, 19 Cal.App. 295, 301 [125 P. 919].)

■ The witness Henry Davis was not an accomplice. An accomplice is one "who is liable to prosecution for the identical offense charged against the defendant on trial. . . ." (Pen. Code, § 1111.) He could not have been prosecuted for soliciting another to commit the crime of murder. He did not solicit nor did he join with appellants in the solicitation of any person to commit a crime. ■ An accomplice must stand in the same relation to the crime as the person charged therewith and must approach it from the same direction. Similarity of offenses is not the same as identity. ( *People* v. *Galli*, 68 Cal. App. 682, 684 [230 P. 20].) ■ Davis not having been an accomplice, and his evidence having been corroborated by that of two other witnesses who testified that the appellants solicited them to commit the murder, the evidence answers the demand of section 653f.

2. *The refusal to give certain instructions to the jury.* ■ Appellants claim that the court committed prejudicial error in refusing to give certain instructions:

(a) Two instructions requested and refused related to the corroboration of evidence as follows: (1) "The law does not permit a Defendant to be convicted in an offense of this nature upon the uncorroborated testimony of a single witness. Corroborative circumstances must in and of itself, and independent of the testimony of the witness, tend to inculpate the

Defendant on trial with the commission of the offense."
(2) "Corroborative circumstances are insufficient where it merely casts a grave suspicion upon the accused, and corroborative circumstances must not only show the commission of the offense and the circumstances thereof, but must also implicate the accused in it." The court did, however, instruct the jury as follows: "The offense charged in the information must be proved by the testimony of two witnesses or one witness and corroborating circumstances. Such corroborating circumstance may be shown by the acts, declarations or conduct of the defendants, or any circumstance independent of the testimony of the one witness who has testified to the fact, which in and of itself tends to connect the defendants with the commission of the offense charged." The instruction given sufficiently covered the subject of corroboration and rendered unnecessary the two instructions requested by appellants and refused. ■ A defendant is not entitled to repetitive instructions on the same subject when it has been sufficiently and properly covered by an instruction given by the court.

■ (b) It was not error to refuse the instruction defining manslaughter. In a trial for homicide it is frequently necessary to define murder and manslaughter, but appellants were not charged with that crime. Nor were they charged with having solicited Davis to commit the crime of manslaughter. The solicitation of the commission of the latter crime is not declared by section 653f of the Penal Code to be an offense.

■ (c) Appellants requested an instruction that to make a crime a murder the party must die within a year and a day after the stroke is received or the cause of death administered. Since appellants were not charged with murder, the requested instruction had no reference to any issue in the case.

■ (d) Appellants requested this instruction: "Murder is the unlawful killing of a human being with malice aforethought." We agree with and adopt the following statement contained in respondent's brief: "When a person is charged with soliciting another person to commit or to join in the commission of any of the offenses specified in section 653f of the Penal Code the jury should be given an instruction defining the offense alleged to have been solicited so that the jury may determine from the evidence whether or not the designated offense was solicited by the person charged." ■ However, the failure in this case to give the requested instruction is not

reversible error. The question before the jury was not whether a murder had been committed but whether appellants had solicited Davis to commit a murder. The crime was complete even though the intended victim had never been harmed.

The former rule that prejudice is presumed from an error of law has been abrogated by the adoption of section 4½ of article VI of the Constitution. (*People* v. *Chapman*, 55 Cal.App. 192, 201 [203 P. 126].) Injury or prejudice cannot be presumed from the mere fact of error. To justify a reversal of a judgment of conviction it must affirmatively appear to the satisfaction of the appellate court from an inspection of the entire record, including the evidence, that the accused may well have been substantially injured by the error of which he complains, and unless the appellate court ean say, after such examination, that a miscarriage of justice has resulted the judgment must be affirmed. (*People* v. *Watts*, 198 Cal. 776, 793 [247 P. 884]; *People* v. *Hoffman*, 199 Cal. 155, 162 [248 P. 504]; *People* v. *Stefini*, 114 Cal.App. 530, 533 [300 P. 112].)

The jury was not misled upon any issue vital to the defense, and no prejudice resulted to appellants by the failure of the court to give the instruction. It appears clearly from the evidence that appellants were guilty of the crime charged and that the failure of the court to give the requested instruction defining murder did not result in a miscarriage of justice. (*People* v. *Lawlor*, 21 Cal.App. 63, 71 [131 P. 63]; *People* v. *Graves*, 137 Cal.App. 1, 21 [29 P.2d 807, 30 P.2d 508] (opinion of Supreme Court denying a hearing); *People* v. *Fellows*, 63 Cal.App. 557, 561 [219 P. 80].)

The judgment and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.