THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BELÉN OLMEDA, Defendant and Appellant.

No. 11351.   Argued May 8, 1946.—Decided May 20, 1946.

*Diego O. Marrero* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

Belén Olmeda was charged in the district court with obtaining money under false pretenses from Josefa Quiñones viuda de Maldonado. The information alleged that the defendant went to Mrs. Quiñones and told her that a certain school teacher wanted arrangements to be made by the defendant for the teacher to borrow from Mrs. Quiñones for a month $100 with the corresponding interest; that in order to secure this loan, the teacher would sign and swear to a promissory note before a notary; that the defendant shortly thereafter returned and gave Mrs. Quiñones a note which the defendant told Mrs. Quiñones the teacher had signed and sworn to before a notary in order that the accused might obtain the $100 loan from Mrs. Quiñones for the teacher; that Mrs. Quiñones, believing these statements of the defendant, gave her $100 for delivery to the teacher as a loan; that none of these facts were true, as the defendant knew; and that the defendant did all this with the criminal intent to obtain by fraud $100 from Mrs. Quiñones, which she obtained and appropriated to her own use, thereby defrauding Mrs. Quiñones thereof.

The *Fiscal* filed three additional informations. Each of them charged that the defendant obtained $100 from Mrs. Quiñones on three more occasions through similar false representations, in which she used the names of three other school teachers. The cases were consolidated for trial; the defendant was convicted by a jury on all four informations; and she appealed from the judgments sentencing her to imprisonment of a year in each case.

■ The defendant complains of the action of the lower court in overruling her demurrers to the informations. Citing among other authorities a Note in 27 L.R.A. (N. S.) 363 and some of the cases discussed therein, the defendant relies on the well-established proposition that there must be a causal connection between the false representations and the obtention of the money. *People* v. *Pearson,* 231 Pac. 612 (Calif. 1924); *Willis* v. *State,* 271 Pac. 725 (Ariz. 1928). In attempting to apply that principle here, the defendant contends that the informations show that Mrs. Quiñones was prompted to deliver the money to the defendant because she received a note executed before a notary, and not because of any false representations by the defendant.

The defendant cannot escape so easily from the consequences of her misconduct. The fact that she also deceived a notary, who was derelict in his duty,[1] does not absolve her from the crimes charged here. Every link in the chain required for the crime of obtaining money by false pretenses is alleged here. The defendant, according to the informations, made the following false representations to Mrs. Quiñones, knowing them to be false: a teacher wanted to borrow from the latter through the defendant; the teacher would sign a note therefor; the note presented later by the defendant was signed by the teacher; the defendant would deliver the $100 which Mrs. Quiñones gave her to the teacher.

These false representations were made with intent to defraud Mrs. Quiñones; they were believed by Mrs. Quiñones; and the latter parted with her money because of them. The informations therefore sufficiently alleged all the elements of the crime of obtaining money under false pretenses. Section 470, Penal Code, 1937 ed.; *People* v. *Ferrer,* 43 P.R.R. 945, 946–8; *People* v. *Flores,* 33 P.R.R. 764. As to the theory of the defendant that the sole inducing factor for delivery of the money was the note executed before a notary, it is

---

[1] We are entering an order today directing the *Fiscal* of this court to investigate the conduct of the notary and to report thereon.

enough to say that the authenticity of the note was one of a number of false representations made by the defendant which enabled her to succeed in her scheme to obtain money from Mrs. Quiñones by false pretenses.

■ The defendant assigns as error the refusal of the lower court to grant her motion for a bill of particulars in which she asked for more details as to the contents of the notes. Assuming, without deciding, "that there was an abuse of discretion in refusing the bill of particulars sought, there is no showing in the record that the appellant suffered any prejudice by reason of the lack of said information." *People* v. *Berdecía,* 59 P.R.R. 317, 321.

The notary testified that the defendant had brought the notes to him already signed, that he accepted her statement that the teachers had signed them and he certified that they had been sworn to before him. The teachers testified that they had neither signed the notes nor received the money from the defendant. No proof was presented on behalf of the defendant except her own testimony denying any connection with the case. Under the circumstances we find no prejudicial error in the refusal of the lower court to require the *Fiscal* to furnish the defendant with more details as to the contents of the notes. See *People* v. *Berdecía, supra.*

■ The defendant complains of the admission in evidence over her objection of three of the notes on the ground that there was a variance between the allegations of the informations and the notes in that the informations recited that the notes were payable to Josefina Qüiñones viüda de Maldonado, with corresponding interest in a month, whereas the notes introduced were payable to Josefina Quiñones, drew 9 per cent interest and matured in 3, 4 and 8 months, respectively. The variances complained of were not material to the charges made in the informations. *People* v. *Weaver,* 274 Pac. 361, 363–4 (Calif. 1928); *People* v. *Revley,* 227 Pac. 957,

960 (Calif. 1924); *State* v. *Brown*, 113 Pac. 782 (Wash. 1911). The district court therefore did not err in admitting the notes in evidence.

The defendant finally argues that obtaining money by false pretenses was not established in this case by one witness and corroborating circumstances, as required by § 252 of the Code of Criminal Procedure.[2] But the record is replete with the testimony of the teachers and the notary and admissions by the defendant to a detective which corroborate the story of Mrs. Quiñones as to the fraud practiced on her. *People* v. *Walker*, 231 Pac. 572, 580–1 (Calif. 1924); *People* v. *Wymer*, 199 Pac. 815 (Calif. 1921); *People* v. *Mace*, 234 Pac. 841 (Calif. 1925).

The judgments of the district court will be affirmed.

---

[2] Section 252 reads as follows: ''Upon a trial for having, with an intent·to cheat or defraud another designedly, by any false pretense, obtained the signature of any person to a written instrument, or having obtained from any person any money, personal property, or valuable thing, the defendant can not be convicted if the false pretense was expressed in language unaccompanied by a false token, or writing, unless the pretense, or some note or memorandum thereof, be in writing, subscribed by or in the handwriting of the defendant, or unless the pretense be proven by the testimony of two witnesses, or that of one witness and corroborating circumstances . . . '' We assume, without deciding, that no false writing as defined in § 252 exists here.