[Crim. No. 2786.   First Dist., Div. One.   Apr. 8, 1952.]

THE PEOPLE, Respondent, v. EDWARD E. MIMMS,
Appellant.

Edward E. Mimms, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Assistant Attorney General, for Respondent.

PETERS, P. J.—Defendant, Edward Mimms, was charged with two counts of sale and one count of possession of narcotics in violation of section 11500 of the Health and Safety Code. At his trial, one of the counts charging an unlawful sale was dismissed. He was convicted, after jury verdicts, of the two remaining counts, and judgment was entered accordingly. He appeals, in propria persona, from the judgment and from the order denying his motion for a new trial.

Appellant challenges the sufficiency of the evidence. An examination of the record demonstrates that the finding of guilt on both counts is amply supported.

In March of 1951 appellant lived in Port Chicago, Contra Costa County. There is a naval magazine located near the town. Because of complaints that marijuana was being sold nearby, two officers at the magazine asked for volunteers to try to locate the source of supply. Creason and Whiting, Coast Guard seamen, volunteered. The officers promised to reimburse the seamen for any expenditures made by them for the purchase of marijuana. The two seamen, on the evening of March 9, 1951, proceeded to town pursuant to this arrangement. They ascertained, from an unidentified soldier, that marijuana could be secured at the Harlem Club. The soldier did not name the person from whom the marijuana could be secured, but described him.

About 10 p. m. the two seamen arrived at the Harlem Club. Mimms was sitting at the bar talking to the bartender. The two seamen recognized Mimms from the description given them by the soldier. Creason and Whiting sat down next to Mimms.

Creason testified that he asked Mimms if he had any marijuana; that Mimms said that he did, and offered to sell him three "sticks," or cigarettes, for $2.00; that Mimms left the club and shortly returned with the three cigarettes for which Creason paid him the $2.00; that Creason then asked if Mimms had any more and Mimms said "yes"; that Mimms again left the club and returned with six cigarettes, for which Creason paid him $4.00. Whiting was present when the above events took place, and corroborated the story told by Creason. Mimms was arrested a few hours later. He had no marijuana on his person, in his automobile, or in his rooms.

Upon examination, the cigarettes purchased from Mimms were found to contain a total of 32 grains of *cannabis sativa,* commonly known as marijuana.

Mimms testified on his own behalf. For the most part, he corroborated the story told by the two seamen. He admitted that Creason had asked him for marijuana. He denied, however, giving or selling Creason any cigarettes, and denied being in possession of the drug.

It is obvious that the evidence of the two seamen supports the finding of unlawful possession and unlawful sale of marijuana by Mimms.

Appellant's next major contention is that he was denied due process in that he did not validly waive his right to counsel. The record shows that at different times prior to trial appellant was represented by two lawyers. At his arraignment, and when the cause was set for trial, he was represented by James Hoey. At the beginning of the trial the following occurred:

"Mr. Hoey: If Your Honor please, I am informed by the defendant that he desires to proceed with the trial by himself. I don't propose to be in the trial—is that correct? The Court: Do you want to try it yourself, Mr. Mimms? Mr. Mimms: Your Honor, the bail bondsman said that he was going to surrender me to the jail today if I didn't go ahead with the case. The Court: Well, that isn't any of the Court's concern. I have nothing to do with that. All I want to know is, do you want to proceed without counsel? Apparently you have discharged Miss Preston, and Mr. Hoey isn't your attorney any more, so what do you want to do, Mimms? It has been continued once—otherwise I would have to continue it and appoint counsel for you. Mr. Hoey, I understand you are not his counsel? Mr. Hoey: That is right. The Court: All right. Either be his counsel, or

don't be his counsel. MR. MIMMS: Let's proceed with it, Your Honor. THE COURT: You want to proceed representing yourself? MR. MIMMS: Yes. THE COURT: All right. Let's proceed then, call the Jury. Let the record show—— MR. MIMMS: Say, Mr. Hoey, could I have that file there? THE COURT: The record may show then that Mr. Hoey and Miss Preston are not his attorney [s], is that correct? MR. HOEY: Correct, if Your Honor Please. THE COURT: All right.''

Thereafter, Mimms represented himself. The record shows that he cross-examined all of the prosecution's witnesses, presented and examined witnesses of his own, and when he insisted on testifying on his own behalf, was permitted to tell his complete story in his own way. The record also shows that the trial judge carefully preserved all the legal rights of appellant. Every objection of the prosecuting attorney was overruled, and Mimms was allowed to testify, over objection, just about as he pleased and as to many facts that were not admissible. The record shows that Mimms knew what he was doing, and that he represented himself with intelligence and ability.

It is of course true that both the federal and state Constitutions guarantee an accused, in a criminal case, the right to the assistance of counsel. But that right may be waived. Pressure must not be brought to bear upon the accused to compel a waiver, and the court must be assured that the defendant has an intelligent understanding of what he is doing. (*People* v. *Chesser*, 29 Cal.2d 815 [178 P.2d 761]; *In re Tedford*, 31 Cal.2d 693 [192 P.2d 3]; *In re James*, 38 Cal.2d 302 [240 P.2d 596].) In the instant case the record not only shows that Mimms fully understood what he was doing, handled his case with ability, and was protected by the trial judge, but the offenses charged—possession and sale of narcotics—are relatively simple offenses, and the evidence produced by the prosecution clearly proved both possession and sale. The record also shows that Mimms had had at least four prior encounters with the law, and also that he had a pretty good general knowledge of court procedure. Mimms insisted on representing himself after the court had informed him that a continuance would be granted if he wanted time to secure new counsel. Under the circumstances, the waiver was a valid one and appellant's rights were not infringed.

Appellant's last major contention is that the two seamen were accomplices under the law, and that the jury should

have been instructed that their testimony had to be corroborated. By section 1111 of the Penal Code an accomplice is defined ''as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.'' ▮ So far as the charge of sale of narcotics is concerned, the purchaser is not an accomplice of the seller, because not liable to prosecution for the identical offense charged against the seller. (*People* v. *Abair*, 102 Cal.App.2d 765 [228 P.2d 336].) ▮ It is equally clear that, so far as the possession charge is concerned, the possession of Creason and Whiting was not the same identical possession as that of appellant. The two possessions were separate and distinct, and the offenses were separate and distinct. (*People* v. *Galli*, 68 Cal.App. 682 [230 P. 20].) · While in such cases there is a similarity of offenses, they are not identical. (*People* v. *Lein*, 204 Cal. 84 [266 P. 536] ; *People* v. *Baskins*, 72 Cal.App.2d 728 [165 P.2d 510].)

The judgment and order appealed from are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 23, 1952, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1952.