[Crim. No. 2998.   First Dist., Div. Two.   July 6, 1954.]

THE PEOPLE, Respondent, v. RUBEN CANDELARIO, Appellant.

Ruben Candelario, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

DOOLING, J.—Apellant was convicted by a jury of violating section 11500, Health and Safety Code (possession of marijuana). He appeals from the judgment of conviction and the order denying his motion for new trial.

On Septembr 23, 1953, one McClendon met appellant and one Perez at about 11:30 p. m. in a tavern in Salinas. Appellant invited McClendon to "go out and have some fun." The three got into McClendon's car, Perez sitting in the front seat by McClendon, who was driving, and appellant in the back seat. Perez directed McClendon where to drive and the car was finally stopped on a dirt road. Appellant then asked McClendon to buy six marijuana cigarettes for $5.00, and McClendon gave appellant $5.00 and received from him six cigarettes. (The above facts are from the testimony of McClendon.) While the car was still parked two officers in a police car drove up. They found three or four marijuana cigarettes on the ground at the left side of McClendon's car, one on the floor of the car under the steering wheel and one on McClendon's person.

It is clear that this evidence is sufficient to support appellant's conviction. The claim that McClendon was an accomplice is answered by *People* v. *Mimms,* 110 Cal.App.2d 310, 314 [242 P.2d 331], holding that the purchaser of a narcotic is not an accomplice of the seller and the successive possessions of each are separate and distinct offenses. (See *People* v. *Lein,* 204 Cal. 84 [266 P. 536].)

The district attorney was entitled to show that appellant had suffered previous felony convictions by way of impeachment of his testimony as a witness. (*People* v. *Williams,* 27 Cal.2d 220 [163 P.2d 692].)

Appellant claims, without specification, that the trial court misdirected the jury. The burden cannot be imposed on the court to search out unspecified errors. (*People* v. *Corlett,* 67 Cal.App.2d 33, 50, 54 [153 P.2d 595, 964].) However, a reading of the instructions discloses no error. The instructions were of the kind given every day and there is no merit in appellant's claim that they "went to such length and used such long and unusual words as to confound and befuddle the minds of the jury."

The claims of newly discovered evidence and misconduct of the jury are not supported by anything found in the record.

Judgment and order affirmed.

Nourse, P. J., and Kaufman, J., concurred.