[Crim. No. 5616.   In Bank.   Nov. 23, 1954.]

THE PEOPLE, Respondent, v. ALBERT DE PAULA, Appellant.

*Assigned by Chairman of Judicial Council.

Albert De Paula, in pro. per., and Herbert Grossman, under appointment by the Supreme Court, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SPENCE, J.—Defendant, who admitted two prior felony convictions, was found guilty by a jury on the charge of using a minor for the purpose of transporting heroin in violation of section 11714 of the Health and Safety Code. He appeals from the judgment and the order denying his motion for a new trial. As grounds for reversal, he argues these points: (1) failure of the court to instruct on the law pertaining to the testimony of an accomplice and the necessity for corroboration thereof; (2) insufficiency of the evidence to

sustain the conviction; and (3) inconsistency of the jury verdicts. We have concluded that there is no merit in defendant's contentions, and that the judgment should be affirmed.

On June 6, 1953, at approximately 10 p. m., in the city of Los Angeles, defendant, his codefendant White, and a minor girl, Madonna Tracy, were arrested. The minor girl had in her hand a portion of a gum wrapper, in which were two paper bindles containing a light brown substance, which was later found to be heroin. Defendant had known the girl for some time. That evening he had met her with his car as she came out of a beauty parlor, told her that White was waiting for them on the corner, and that they would drive down to 5th Street to pick up some heroin. She said that was "Okay." Upon arriving at the agreed 5th Street area, defendant gave her $5.00, which she handed to White. These two then left defendant in the car; White made the purchase of the two bindles, which he gave to the girl; she placed them in the gum wrapper, and both reentered defendant's waiting car. Defendant, according to the girl, knew that she had the narcotic. He then drove them to her address. It was after they had parked the car and were walking to her apartment to "shoot the heroin" that the three were arrested and the contraband was recovered by the officers from her possession.

The arms of all three showed needle scab formations over the veins, indicating that they were narcotic users. The officers found equipment for administering narcotics in the girl's room. She testified that it was purchased for her by defendant and that he paid her room rent. An officer testified that a few days after the arrest, defendant stated that he had given the girl money with which to rent a room; that he had visited her there on several occasions; and that she had administered narcotics to him in her room. This same officer also testified to defendant's account of the events on June 6: that defendant said that he had met the girl that evening, and had driven her and White to 5th Street; that they left the car and went somewhere (but he did not know where) while he remained in the car; that he did not know they were going to buy heroin but he presumed that was where they had gone; and that he did not know that the girl had heroin in her possession until the time of the arrest. Defendant did not testify at the trial.

Section 11714 of the Health and Safety Code provides as follows: "Every person who hires, employs, or uses a minor in unlawfully transporting, carrying, selling, giving away,

preparing for sale or peddling any narcotic, or who unlawfully sells, furnishes, administers, gives, or offers to sell, furnish, administer, or give, any narcotic to a minor is guilty of a felony . . .''

█ Defendant contends that his conviction should be reversed because the girl, Madonna Tracy, was an accomplice within the terms of section 1111 of the Penal Code, and the trial court failed to instruct the jury that her testimony required corroboration. But this section defines an accomplice as ''one who is liable for prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.'' Measured by this statutory test, the minor girl was not an accomplice of defendant. █ The conduct denounced as a crime by section 11714 of the Health and Safety Code is the use of a minor in the unlawful transportation of a narcotic. The essence of the offense is its tendency to debauch or corrupt minors. (*People* v. *Krupa*, 64 Cal.App.2d 592, 599 [149 P.2d 416].) The use of a minor to transport narcotics necessarily contributes to the delinquency of that minor. (*People* v. *Knowles*, 35 Cal.2d 175, 186 [217 P.2d 1]; see Welf. & Inst. Code, § 702.) █ In such circumstances, ''the minor is regarded as a victim and not as an accomplice whose testimony it is necessary to corroborate under the provisions of section 1111 of the Penal Code.'' (*People* v. *Deibert*, 117 Cal.App.2d 410, 427 [256 P.2d 355].)

█ Defendant argues that since the girl here was concerned in the commission of the crime, she was a principal under section 31 of the Penal Code so as to be liable to prosecution for the identical offense, and section 1111 of the Penal Code, requiring corroboration of the testimony of an accomplice, would therefore be applicable. But ''an accomplice must stand in the same relation to the crime as the person charged therewith and must approach it from the same direction.'' (*People* v. *Baskins*, 72 Cal.App.2d 728, 731 [165 P.2d 510].) **[4]** Since the minor involved is the victim and the offense denounced by section 11714 of the Health and Safety Code is the harmful act to that victim with the resulting harm to society in general, it necessarily follows that in a prosecution under that section the minor involved cannot be held a principal in the sense of being subject to prosecution for the same identical offense, within the meaning of section 1111 of the Penal Code. (See *People* v. *Doetschman*, 69 Cal.App.2d 486, 489-490 [159 P.2d 418].) The same

principle applies as in statutory rape cases, in which it has been consistently held that the minor victim is not an accomplice. (*People* v. *Murray,* 91 Cal.App.2d 253, 256 [204 P.2d 624].)

Concededly, the minor girl here involved was guilty of the violation of section 11500 of the Health and Safety Code, in having unlawful possession of a narcotic. However, that offense, though relating to the same contraband, was not "identical" with that "charged against the defendant." She was not using a minor to unlawfully transport a narcotic. (Health & Saf. Code, § 11714.) Even regarding the offenses as similar, that concession would not make the girl an accomplice for "similarity of offenses is not the same as identity." (*People* v. *Galli,* 68 Cal.App.2d 682, 684 [230 P. 20]; *People* v. *Baskins, supra,* 72 Cal.App.2d 728, 731; also *People* v. *Lein,* 204 Cal. 84, 86 [266 P. 536]; *People* v. *Mimms,* 110 Cal.App.2d 310, 314 [242 P.2d 331].) If defendant had been charged and convicted of the unlawful possession of a narcotic in violation of said section 11500, then it is arguable that he could not have been convicted on the uncorroborated testimony of the minor who was chargeable with the identical offense. But defendant was not prosecuted under section 11500.

Defendant argues that included in the offense of using a minor to transport narcotics is the lesser offense of illegal possession, and since the girl was also guilty of possession, she is an accomplice. He relies on the rule that "where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512].) Thus in *People* v. *Krupa, supra,* 64 Cal.App.2d 592, 598, where defendant was charged with the violation of both section 11714 of the Health and Safety Code and section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor), the violation of the former section could not be accomplished "without also offending against" the latter. Accordingly, the latter violation was "a necessarily included offense" and conviction thereon precluded prosecution on the former violation. But the instant case does not present a situation for application of the doctrine of included offenses. In the first place, defendant could be convicted of the violation of section 11714 without also being convicted of the violation of section 11500, Health and Safety Code. In the second place, even if pos-

session should be regarded as an included offense in using a minor to transport narcotics, the girl's testimony related to the greater offense (use of the minor to transport narcotics), and not to the assumed included offense (possession). Since this case presents no basis for application of the law on accomplice testimony, the trial court properly refused to instruct upon that theory.

Defendant next challenges the sufficiency of the evidence to sustain his conviction. The evidence hereinabove recited amply answers defendant's objection. He argues that the testimony of the girl, Madonna Tracy, was untrustworthy and inconclusive in many respects. However, that was a matter for the jury to determine in the first instance (Code Civ. Proc., § 1847) and later for the trial court to consider in passing on the motion for a new trial. (*People* v. *Green,* 13 Cal.2d 37, 42 [87 P.2d 821]; *People* v. *Hightower,* 40 Cal.App.2d 102, 106-107 [104 P.2d 378].) A reviewing court may not reappraise the credibility of witnesses and reweigh the evidence. (*People* v. *Jones,* 36 Cal.2d 373, 375 [224 P.2d 353]; *People* v. *Gould,* 111 Cal.App.2d 1, 5 [243 P.2d 809].)

In further attack upon the girl's implication of defendant in the evening's proceedings, defendant charges that she was "given immunity for her perjured testimony against" him. He cites *People* v. *Green,* 102 Cal.App.2d 831 [228 P.2d 867], where a conviction was not allowed to stand in view of the affirmative showing that an accomplice had been promised immunity upon condition that he give testimony sufficient to satisfy the committing magistrate that a jointly charged defendant "should be bound over for trial." (P. 838.) But this is not a parallel situation, for it does not appear here that the girl was given immunity or that she committed perjury. The verdict of the jury and the implied finding of the trial court in denying defendant's motion for a new trial definitely establish that they accredited the girl's account on the witness-stand and did not believe that she gave perjured testimony. In this connection, defendant refers to an affidavit filed by his codefendant White in support of a motion for new trial, wherein it is claimed that White stated that the girl had visited him in jail and informed him that she testified against defendants because of the prosecution's promise of immunity or leniency to her. There is no such affidavit in the record. However, after having heard White testify and taking into consideration the

other facts and circumstances in evidence, the trial court may well have concluded that White's affidavit was not worthy of credence. Again, that was a matter for the trial court's determination in ruling on the motion for a new trial. (*People v. Richard,* 101 Cal.App.2d 631, 634-635 [225 P.2d 938].)

In this regard it is also significant that defendant did not testify in his own behalf. The facts related by the girl were within his knowledge and power to dispute. The jury could properly have considered his failure to explain or deny the incriminating evidence "as tending to indicate the truth" thereof and "as indicating that among the inferences that [could] reasonably be drawn therefrom, those unfavorable to the defendant [were] the more probable." (*People v. Adamson,* 27 Cal.2d 478, 490-491 [165 P.2d 3]; *People v. Liss,* 35 Cal.2d 570, 576 [219 P.2d 789]; *People v. Steccone,* 36 Cal.2d 234, 239 [223 P.2d 17].) Defendant attempts to excuse his failure to testify on the ground that he and his counsel feared that the disclosure to the jury of his prior felony convictions, upon cross-examination, would have material bearing on his credibility, creating a bad impression and disastrously undermining the value of his testimony. Such fears may have been well founded, but it was a dilemma that he and his counsel were required to resolve. Defendant is bound by their decision.

Defendant finally contends that there was an inconsistency in the jury verdicts on the issue of his guilt. The record does not support his position. Defendant was acquitted on count one in the amended information, in which it was charged that "on or about the 19th day of May, 1953," he "did wilfully, unlawfully and feloniously furnish, administer and give to a minor, Madonna Tracy, age fifteen, a preparation of heroin, in violation of section 11714, Health and Safety Code." However, in count two, on which defendant was convicted, defendant was charged with using a minor, the aforesaid Madonna Tracy, "for the purpose of transporting" narcotics, to wit, heroin, likewise a violation of the same statute but committed "on or about the 6th day of June, 1953." It is thus plain that the alleged offenses are wholly different both as to substance and the date of their commission. A verdict on one of these counts could have no relation to a verdict on the other.

The judgment and order are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.