738

THE PEOPLE, Respondent, v. GEORGE STERLING, JR.,
Appellant.

George Sterling, Jr., in pro. per., and C. Richard Walker,
under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn,
Assistant Attorney General, and Peter T. Kennedy, Deputy
Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted upon two counts charging
the sale of heroin defendant claims the evidence insufficient
to support either verdict.

His argument is that the officer who made the purchases and testified fully and in detail in respect to each, gave

testimony not worthy of belief because this officer was relatively inexperienced, having worked for the State Bureau of Narcotic Enforcement slightly more than a month, and, previously, had had less than one and a half years of any kind of police experience. Defendant further contends that it is not at all likely that the defendant, twice previously convicted of narcotic violations, would have delivered narcotics in a public place as narrated by the officer, especially in view of evidence that this officer, although an undercover agent, was reputed to be an officer. These are arguments appropriate for consideration only by the triers of the facts. We perceive in the officer's testimony nothing suggestive of inherent improbability. (*People* v. *Ashley,* 42 Cal.2d 246, 266-267 [267 P.2d 271].)

 Defendant also claims insufficiency of evidence predicated upon lack of corroboration of the officer who made the purchases. The officer as buyer was not an accomplice of defendant, the seller; hence, independent corroboration is not essential. (*People* v. *Abair,* 102 Cal.App.2d 765, 772-773 [228 P.2d 336]; *People* v. *Mimms,* 110 Cal.App.2d 310, 314 [242 P.2d 331]; *People* v. *Candelario,* 126 Cal.App.2d 408, 409 [272 P.2d 62].)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1958.