[Crim. No. 5715.   In Bank.   Oct. 21, 1955.]

THE PEOPLE, Respondent, v. JOHN JAMES BURT, Appellant.

Jefferson & Jefferson, Martha Malone Jefferson and Bernard S. Jefferson for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendant was charged by information with violating section 653f of the Penal Code in that he "solicit[ed the prosecutrix] to commit and join in the commission of the crime of Extortion." After a trial by the court sitting without a jury, defendant was found guilty. His motion for a new trial was denied, but the proceedings were suspended and he was placed on probation. He appeals from the order granting probation (Pen. Code, § 1237) and from the order denying his motion for a new trial.

The evidence presented at the trial established that defendant solicited the prosecutrix in Los Angeles to get acqainted with men at hotels in the Los Angeles area and to persuade them to accompany her to Tijuana, Mexico, to engage in sexual intercourse, and to join with defendant's associate in committing acts in Mexico that would constitute extortion as defined in section 518 of the Penal Code.* The

---

*"Extortion is the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right."

prosecutrix reported the solicitations to the police and the scheme was never carried out.

The basic question raised on appeal is whether it is a punishable offense in California to solicit a person to commit or join in the commission outside of California of any of the crimes mentioned in section 653f of the Penal Code.† Defendant contends that to punish him for soliciting in this state the performance of acts outside this state that would amount to "extortion." as that word is defined in section 518 of the Penal Code, is to punish him for acts to be done outside this state and thus without the jurisdiction of the California courts.

In support of this contention defendant invokes *People v. Buffum*, 40 Cal.2d 709 [256 P.2d 317]. In that case the court stated: "The object of defendants' agreement, as alleged in the indictment, was 'to violate section 274, Penal Code of the State of California.' No other unlawful purpose was stated, and defendants, of course, cannot be punished for conspiracy unless the doing of the things agreed upon would amount to a violation of section 274. The statute makes no reference to the place of performance of an abortion, and we must assume that the Legislature did not intend to regulate conduct taking place outside the borders of the state. [Citations.] Similarly, section 182 of the Penal Code, standing alone, should not be read as applying to a conspiracy to commit a crime in another jurisdiction." (40 Cal.2d 709, 715.) In the present case, however, we are not concerned with a statute prohibiting a conspiracy "to commit any crime," however petty, or to commit the numerous other acts listed in section 182. Two or more persons may conspire to commit an act in another state that would not be a crime there but would be a crime if committed in this state, or that would not be a crime here but would be a crime in the other state. Similar conflicts in the law of this state and of other states would also arise in applying the other four subdivisions of section 182 when the acts are to be performed

---

†"Every person who solicits another to offer or join in the offer or acceptance of a bribe, or to commit or join in the commission of murder, robbery, burglary, grand theft, receiving stolen property, extortion, rape by force and violence, perjury, subornation of perjury, forgery, or kidnapping is punishable by imprisonment in the county jail not longer than one year or in the state prison not longer than five years, or by a fine of not more than five thousand dollars. Such offense must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances."

in another state. Section 653f, however, prohibits the solicitation of only 12 of the most serious crimes, all of which are felonies under the law of this state and at common law and are crimes under the law of all civilized nations. ▇ Since the Legislature is not ordinarily concerned with regulating conduct in other jurisdictions (*People* v. *Buffum, supra,* 40 Cal.2d 709, 716), and since section 182 suggests no answer to the many difficult questions that would otherwise arise from the conflict in California law and the law of other states, that section may reasonably be interpreted as limited to conspiracies to commit crimes in this state. ▇ It does not follow, however, that when the Legislature has singled out the solicitation of the most serious of crimes, it likewise intended to punish their solicitation only when they were to be committed in this state. Legislative concern with the proscribed soliciting is demonstrated not only by the gravity of the crimes specified but by the fact that the crime, unlike conspiracy, does not require the commission of any overt art. It is complete when the solicitation is made, and it is immaterial that the object of the solicitation is never consummated, or that no steps are taken toward its consummation. (*People* v. *Haley,* 102 Cal.App.2d 159, 165 [227 P.2d 48] ; *People* v. *Gray,* 52 Cal.App.2d 620, 653 [127 P.2d 72] ; 1 Burdick, The Law of Crime (1946), §§ 104-106.) ▇ Section 653f is concerned not only with the prevention of the harm that would result should the inducements prove successful, but with protecting inhabitants of this state from being exposed to inducements to commit or join in the commission of the crimes specified (*cf. People* v. *Chase,* 117 Cal.App. Supp. 775, 780 [1 P.2d 60]), and the evils it seeks to prevent are present whether the object of the solicitation is to be accomplished within or without this state. ▇ Thus, in the present case defendant used the prospects of large monetary rewards to attempt to induce the prosecutrix to commit acts of prostitution and extortion, with residents of this state as intended victims. Such solicitation is inimical to the public welfare and to the safety and morals of the inhabitants of this state, regardless of where the solicited acts are to be performed, and a construction of section 653f that limits its operation to solicitation of acts that are to be consummated within this state would defeat, rather than effect, the object of that statute. (See Pen. Code, § 4.)

Defendant contends, however, that since he was charged with soliciting "the crime of extortion" he could not properly

be convicted unless it was proved that the acts solicited would constitute the crime of extortion at the place where they were to be performed and that the prosecution therefore failed to sustain its burden of proof since it offered no evidence to prove that the acts solicited would constitute the crime of extortion under the laws of Mexico. ■ Since it is the solicitation in this state alone that is punishable, and since it is immaterial where the acts solicited are to be performed, the law of other states governing such acts is likewise immaterial (see, *People* v. *Chase, supra*, 117 Cal.App.Supp. 775, 780), and proof of the law of Mexico was therefore unnecessary.

Nor is a different result required by the so-called ''Gambling Ship Regulation Law,'' making it unlawful for any person within this state to solicit another to visit a gambling ship ''whether such gambling ship be within or without the jurisdiction of the State of California.'' (Stats. 1929, p. 703, now in Pen. Code, § 11300 [Stats. 1953, chap. 35].) Defendant contends that if the Legislature had intended section 653f to be construed as we have construed it, an express provision making that section applicable to solicitations of acts to be performed outside the state would have been added as it was in the Gambling Ship Regulation Law. In the Gambling Ship Regulation Law the Legislature was concerned with what was then an immediate and pressing problem. The operators of certain gambling ships, anchored off the California coast outside the territorial waters and deriving their custom from the coastal cities of California, were flagrantly evading this state's anti-gambling laws. To meet this evil, which involved the very problem of the solicitation of acts to be committed outside the state, the Legislature adopted explicit language to cover the specific problem before it. It is not uncommon for the Legislature to use more explicit language in statutes dealing with limited specific problems than it does in statutes of more general application.

■ Defendant contends finally that a reversal is required because his solicitations were not proved by the testimony of two witnesses or by that of one witness and corroborating circumstances, as required by section 653f of the Penal Code. Defendant's solicitations were proved by the testimony of the prosecutrix and by that of a police officer who overheard them by means of a listening device installed, with her permission, in the prosecutrix's home. Furthermore, a tape recording of the conversation overheard by the police officer was introduced in evidence, and defendant admitted in his

own testimony that he had participated in the conversation that the officer had recorded and had solicited the prosecutrix in the manner described above. Defendant explained, however, that he had made the solicitations without any intent to carry out the extortion scheme but merely as an excuse to become acquainted with the prosecutrix whom he wished to know "socially." The slight variation between the testimony of the prosecutrix and the police officer* as to the details of carrying out the proposed extortion is of no significance, for the tape recording shows that the two variations were in fact suggested by defendant as alternative means by which the extortion could be effected. Thus, in the light of the well-established rule that the corroborative evidence need not be strong nor sufficient in itself, without the aid of other evidence, to establish the fact in issue (*People* v. *Gallardo*, 41 Cal.2d 57, 63 [257 P.2d 29]; *People* v. *Baskins*, 72 Cal.App.2d 728, 731 [165 P.2d 510]; see also *People* v. *Wilson*, 25 Cal.2d 341, 347 [153 P.2d 720]), we must conclude that the testimony of the prosecutrix and of the police officer and the recording of defendant's conversation with the prosecutrix are more than adequate to satisfy the requirements of section 653f. Moreover, the admissions in defendant's own testimony supply sufficient corroborative evidence. (*People* v. *Wilson, supra*, 25 Cal.2d 341, 347; *People* v. *Griffin*, 98 Cal.App.2d 1, 25 [219 P.2d 519], and cases cited.)

The order granting probation and the order denying defendant's motion for a new trial are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

---

*The police officer testified that defendant's associate in Mexico, who was to impersonate a Mexican police officer, would threaten to arrest the intended victim as a means of effecting the extortion, whereas the prosecutrix testified that defendant's associate would threaten to arrest her.