**UNITED STATES**

v.

**Robert L. BENTON, 439 90 3555, Lance Corporal (E-3), U. S. Marine Corps.**

**NCM 77 1225.**

U. S. Navy Court of Military Review.

Sentence Adjudged 11 March 1977.

Decided 18 April 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

GRANGER, Judge:

This case was initially acted upon by this Court on 27 January 1978, when we returned the record for a new review and action by a different staff judge advocate and a different convening authority. That action has been completed and the case is again before us. Appellant's first four assignments of error are rejected. The remaining assertions, however, concerning specific intent and the judge's failure to instruct on this element have merit.

Appellant was found guilty of solicitation in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The specification alleged that appellant requested another Marine to obtain marijuana from a third party, thereby wrongfully soliciting the other Marine to disobey a lawful general regulation, that being Arti-

cle 1151, U. S. Navy Regulations, 1973, by possessing marijuana.

Appellant contends that solicitation is a "specific-intent" offense, and that one element of the offense is that the solicitor intended that the solicitee commit the offense solicited. He asserts that, in his instructions to the members of the court-martial, the military judge did not instruct on this element, and that because of this omission, appellant's conviction of solicitation must be set aside.

■ Appellate Government counsel concedes that specific intent is an element of this offense, but argues that the military judge's instructions were sufficient to support a finding of guilty. We summarily reject this latter argument. The instructions the judge gave followed the model instructions set forth in paragraph 4–178 of DA PAM No. 27–9, Military Judge's Guide (1969). Nothing in those instructions can reasonably be construed to require a finding of specific intent.

■ Although the law regarding the offense of solicitation is not well developed, we are convinced that counsel are correct in concluding that specific intent is an element of that offense. Article 82, UCMJ, 10 U.S.C. § 882, was apparently derived from 18 U.S.C. §§ 1381 and 2387. See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, paragraph 194. Both of these statutes define crimes requiring a specific intent, although that intent is not uniformly the intent to commit a specified crime. See Dunne v. United States, 138 F.2d 137 (8th Cir. 1943), cert. denied 320 U.S. 790, 64 S.Ct. 205, 88 L.Ed. 476 (1943); Firpo v. United States, 261 F. 850 (2nd Cir. 1919); United States v. Clark, Fed.Cas.No. 14,808 (D.C.Mass.1862). Article 82, UCMJ does not specifically state what intent is required for conviction thereunder. Specific intent is implicit within the statutory language, however, which makes it a crime to solicit another to desert, or to mutiny, or to commit an act of sedition or misbehavior before the enemy. See W. LaFave and A. Scott, Criminal Law § 58 (1972). This in-

terpretation is harmonious with the *Manual for Courts-Martial, United States, 1969* (Revised edition), paragraph 161 of which states that solicitation is complete when a solicitation is made or advice is given with the wrongful intent to influence another to commit any of the four offenses named in the article. Although there is no controlling case law, there are cases lending persuasive support for a finding that specific intent is required for conviction under Article 82. *See United States v. Morris,* 21 C.M.R. 535 (N.B.R.1956); *United States v. Bachman,* 20 C.M.R. 700 (A.F.B.R.1955); *United States v. Turner,* 10 C.M.R. 394 (A.B.R.1953).

Appellant was not charged with a violation of Article 82, of course, because the offense he solicited was not one of the four enumerated in that article. But when a service member solicits the commission of some other offense against the Uniform Code of Military Justice, he may be charged with a violation of Article 134, UCMJ. *United States v. Isbell,* 1 U.S.C.M.A. 131, 2 C.M.R. 37 (1952).

When *United States v. Isbell, id.* was decided, the *Manual for Courts-Martial, United States, 1951* did not set forth the maximum permissible punishment for solicitation of an offense other than those included within Article 82, UCMJ. Solicitation to commit some other offense under the Uniform Code of Military Justice was therefore punishable only as a simple disorder, with a maximum permissible sentence of confinement at hard labor for 4 months and forfeiture of two-thirds pay per month for 4 months. *United States v. Lang,* 21 C.M.R. 425 (A.B.R.1956); *see United States v. Oakley,* 7 U.S.C.M.A. 733, 23 C.M.R. 197 (1957).

When the *Manual* was revised in 1969, however, it changed the maximum permissible punishment for these solicitation offenses, providing that:

Unless otherwise provided in the Table [of Maximum Punishments], any person subject to the Code who is found guilty of soliciting or inducing another person to commit an offense which, if committed by one subject to the Code, would be punishable under this Table, shall be subject to the maximum punishment authorized for the offense solicited or induced, except that in no ase [sic] shall the death penalty be imposed nor shall the period of confinement in any case, including offenses for which life mprisonment [sic] may be adjudged, exceed 5 years. [*Manual for Courts-Martial, United States, 1969* (Revised edition), paragraph 127*c*, n. 7.]

The Manual is silent as to the intent required for conviction of solicitation to commit these offenses, but we have no difficulty in concluding that, where the permissible punishment is so severe, and is wedded to the permissible punishment of the offense solicited, the solicitor must intend that that offense be committed.

■ We therefore hold that the failure of the military judge to instruct upon the specific intent required for conviction was prejudicial error, Article 51(c), UCMJ, 10 U.S.C. § 851(c), and that appellant's conviction of solicitation cannot be affirmed. Our inquiry does not end here, however, because we find that the instructions were adequate to permit affirmance of a lesser, general-intent offense of wrongfully communicating language that requests another to commit an offense. Whether this lesser offense is called disorderly conduct, *see United States v. Burrow,* 26 C.M.R. 761 (N.B.R.1958), or given another name, is immaterial: It constitutes a simple disorder punishable under Article 134.

■ The commander of a military installation is responsible for the maintenance of good order and discipline aboard that installation. The proscription against solicitation is concerned not only with the prevention of the harm that would result should the inducements prove successful, but with protecting those aboard military reservations from being exposed to inducements to commit or join in the commission of crimes. *See People v. Burt,* 45 Cal.2d 311, 288 P.2d 503, 51 A.L.R.2d 948 (1955); *see also United States v. Holiday,* 4 U.S.C.M.A. 454, 458, 16 C.M.R. 28, 32 (1954) (in which the Court of

Military Appeals points out that Article 117, UCMJ, 10 U.S.C. § 817, proscribing provocation of offenses, is designed to prevent the use of violence by the person to whom the provocation is directed, and to forestall the commission of an offense by an otherwise innocent party). When one makes a statement that reasonably may be construed as a serious request or advice to commit an offense, he has committed at least a simple disorder punishable under Article 134, UCMJ. If the solicitation is made with the intent that the solicited offense be committed, the solicitor may be punished in accordance with paragraph 127c, n. 7 of the *Manual for Courts-Martial, United States, 1969* (Revised edition). If the solicitor has no such specific intent, he may nevertheless be punished for committing a simple disorder. *See United States v. Hoke,* 21 C.M.R. 681 (A.F.B.R.1956); *cf. United States v. Blue,* 3 U.S.C.M.A. 550, 13 C.M.R. 106 (1953); *see also United States v. Oakley, supra; compare* with similar general-intent offenses such as communicating a threat in violation of Article 134, UCMJ, and provoking words or gestures in violation of Article 117, UCMJ; *United States v. Humphrys,* 7 U.S.C.M.A. 306, 22 C.M.R. 96 (1956); *United States v. Bowden,* 24 C.M.R. 540 (A.F.B.R.1957); W. Burdick *Law of Crime* §§ 113, 114 (1946).

In the instant case, the military judge's instructions were sufficient to support the finding of guilty of wrongfully communicating language that requested another to commit an offense, in violation of Article 134, UCMJ.

Accordingly, we affirm the findings of guilty of the specification under Additional Charge I except for the word, "solicit," substituting therefor the words, "communicate to," and adding immediately before the words, "to disobey a lawful general regulation," the words, "a request," so that the specification as affirmed alleges that appellant wrongfully communicated to Private C a request to disobey a lawful general regulation. The remaining findings of guilty approved below are affirmed.

Our action in affirming a finding of guilty of a lesser-included offense under Additional Charge I requires that we reassess the sentence. Appellant was tried by special court-martial, and was found guilty of three other offenses, including an aggravated assault and conspiracy to transfer and sell marijuana. His sentence, as approved below, includes a bad-conduct discharge, confinement at hard labor for 3 months, and reduction to pay grade E-1. Upon reassessment in light of the error discussed above, we find the sentence appropriate and affirm the sentence as approved below.

The court-martial order incorrectly reflects that appellant's sentence includes forfeiture of two-thirds pay per month for 6 months. In fact, forfeitures were not adjudged. The court-martial order should be amended to cure this error.

Senior Judge BAUM and Judge MICHEL concur.