UNITED STATES, Appellee,

v.

Specialist Four Marcus A. KAUBLE, SSN 339–48–4624, United States Army, Appellant.

CM 441837.

U. S. Army Court of Military Review.

31 Jan. 1983.

Vaughan E. Taylor, Esquire, argued the cause for appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Captain David E. England, JAGC, and Captain Paul J. Moriarty, JAGC.

Captain John L. Plotkin, JAGC, argued the cause for appellee. With him on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Captain Patrick M. Flachs, JAGC.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial with members of four specifications of conspiring to commit larceny, one specification of larceny, and three specifications of solicitation to commit larceny. The dollar amounts in each specification well exceeded $1000.00 of United States Government funds. He was acquitted of another specification of solicitation. His approved sentence consists of a bad-conduct discharge, confinement at hard labor for three years, forfeiture of $250.00 [pay] per month for three years, and reduction to the grade of [Private] E–1. In this mandatory review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, the appellant assigns eight general errors and numerous subsidiary errors in his trial below.

■ We have painstakingly examined the findings instructions criticized for the first time by the appellant before us. Without doubt, it is the responsibility of the military judge to properly instruct upon all issues fairly raised. *See United States v. Groce*, 3 M.J. 369 (C.M.A.1977). But counsel are not without some responsibilities in this matter. *See United States v. Salley*, 9 M.J. 189 (C.M.A.1980). In his instructions on the alleged larceny, the judge failed to detail the fact that Kauble's claimed mistaken belief of his entitlement need not be reasonable but that it only need to have been genuine to warrant acquittal. Without any doubt, it would have been better had the judge done so.[1] Instead, however, he wove the same notion of an innocent mind into an instruction that approached the issue from the other direction, *viz.*, that the taking was wrongful only when it is accompanied by a criminal state of mind. He contrasted the criminal state of mind

1. The usual form would have been, "If you do not believe beyond a reasonable doubt that the accused did not possess a bona fide or good-faith belief (without regard to the reasonableness of that belief) that he was entitled to that payment . . . ."

with an innocent one by saying, "On the other hand, you should consider also evidence which tended to show that the taking may have been under a mistaken belief of right".[2] This is immediately followed by the adjuration that, "the burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. Unless you are satisfied beyond a reasonable doubt that the taking was wrongful, you must acquit the accused".

Clearly the instruction was not erroneous. It was minimally adequate to frame the issues to be considered by the fact-finders. If expanded instructions or clarification were desired, the trial defense counsel (a civilian lawyer of considerable experience) was free to request them. He expressly declined to do so.

■ Appellant claims, again for the first time, that the evidence raises the issue of voluntary intoxication in connection with the specification that alleged he solicited a Sergeant Wirth to commit larceny. From our review of the record, we conclude that the evidence was insufficient to raise the issue and require an instruction. Certainly the testimony of Sergeant Wirth standing alone that he and appellant Kauble had been drinking together most of the day, that Wirth had consumed approximately ten beers (presumably over that period) and, while Kauble had been drinking beer, Wirth did not know how many he had, is not sufficient. That an instruction might have been given out of an overbundance of caution is not the test. We note again the absence of a defense request for the instruction at trial.

■ Appellant next challenges the judge's accomplice instruction, claiming that it insinuated the judge's satisfaction that the accomplice's testimony was corroborated. The form and content of the accomplice instruction was specifically addressed at trial and the defense counsel concurred in it. We too find it to be correct

and unobjectionable. The clear thrust of the instruction was that even if the testimony was "*apparently* corroborated and *apparently* credible (emphasis added)", it "should be considered with great caution . . ." due to the accomplice's "motive to falsify the testimony in whole or in part because of his obvious self interest under the circumstances". R 289.

■ We turn next to the appellant's assertion that the military judge prejudicially erred in failing to instruct the court that solicitation under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, is a specific intent offense. We agree. We have carefully considered the issue and cannot concur with two of our brothers on another panel of this Court who held to the contrary. Rather, the law is accurately reflected in the well-reasoned opinion of Judge Granger in *United States v. Benton,* 7 M.J. 606 (N.C.M.R.1979). Like the *Benton* court, we too find the instructions given were sufficient to permit us to affirm the lesser, general intent offense of wrongfully communicating language that requested another to commit an offense, a simple disorder under Article 134, UCMJ. *Benton, supra,* and the cases cited therein. Also like the *Benton* court, we will reassess the sentence based upon findings of guilty of a simple disorder as to each original solicitation specification. In this connection, we note that the court members were instructed to regard these offenses as being multiplicious with their related conspiracy specifications. Because the convening authority excepted Specialist Four Garrett from the conspiracy finding he approved but left standing the finding that the appellant "solicited" (Specification 3, Charge I) Garrett, the former solicitation that we regard as a minor disorder is no longer multiplicious for sentencing. Thus, the new maximum confinement is 20 years and four months.

■ Various errors in the sentencing procedure are asserted. First, appellant claims that the trial judge erred in failing to *sua sponte* correct the trial counsel's argument

---

2. The judge's Errata Sheet of the Record of Trial corrects the court reporter's erroneous transcription of the phrase "mistake in" to "mistaken".

that focused on general deterence. We disagree. The argument was balanced, and general deterence was merely mentioned as one of several factors for proper consideration. Similarly, the appellant finds error in the remark of the trial counsel that the fact that appellant lied under oath during his trial could be considered in determining his sentence. Again, we disagree. The trial counsel specifically related this factor to appellant's need for rehabilitation, a proper consideration. We have also considered the other sentencing errors alleged and find none of them warrant relief.

■ Appellant next claims lack of a verbatim record of trial in violation of Article 19, Uniform Code of Military Justice, 10 U.S.C. § 819 and paragraph 33a, Manual for Courts-Martial, United States, 1969 (Revised edition), citing two places in the record that supposedly reflect non-verbatim conferences. In one citation, R 313–14, we are at a loss to perceive any such suggestion. In the other, R 208, it is clear that some conference (or remark) occurred during a break in the proceedings. However, what was said off the record was expressly restated on the record. In fact, it appears that the trial defense counsel may have made, off the record, a request for an instruction that was obviously *not* received by the military judge. It was fully restated on the record, the Government responded at length and the matter fully debated with the judge finally deciding the issue, all on the record. This is a verbatim record.

Still other errors in appellant's case are claimed. We have carefully considered each of them and find they are not grounds for relief.

Only so much of the findings of guilty of Specification 1 of Charge III is affirmed as finds that the appellant did, during March 1981, wrongfully communicate to Specialist Four John F. Brunner a request to steal lawful currency of the United States, of a value of about $1030.50, the property of the United States Government, by asking him to get him extra money, said offense occurring outside the territorial limits of the United States. Only so much of the finding of guilty of Specification 3 of Charge III is affirmed as finds that the appellant did, on or about 2 April 1981, wrongfully communicate to Sergeant James A. Wirth a request to steal lawful currency of the United States, of a value of about $1500.00, the property of the United States Government, by asking him if he wanted to make some extra money in his paycheck, said offense occurring outside the territorial limits of the United States. Only so much of the finding of guilty of Specification 4 of Charge III is affirmed as finds that the appellant did, on or about 2 April 1981, wrongfully communicate to Specialist Four William E. Garrett, Jr., a request to steal lawful currency of the United States, of a value of about $1120.00, the property of the United States Government, by asking him if he wanted to make some extra money on his paycheck, by explaining to him how it would be done and by telling him that the transaction could not be traced, said offense occurring outside the territorial limits of the United States. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the sentence is affirmed.

Senior Judge MELNICK and Judge McKAY concur.